ELIZA FITZMAURICE V. THE MUTUAL LIFE INSURANCE
COMPANY OF NEW YORK.

No. 3231.

1. **Life Insurance Policy—Conditions Therein.**—Suit was brought upon a life insurance policy. In it was the following clause: "Notice to the holder of this policy: No agent has power on behalf of the company to make or modify this contract of insurance, * * * to bind the company by making any promise, or by receiving any representation or information not contained in the application for this policy." The policy issued began as follows: "In consideration of the application for this policy, which is hereby made a part of this contract," etc. The defendant pleaded that one of the answers (stating it) in the application signed by the insured was false, and avoided the policy. By supplemental petition it was alleged that one Campbell, defendant's agent, wrote the answers, and that he well knew of the former application for insurance which had not been granted, etc., and that the defendant was bound by the act of Campbell. The defendant excepted to the supplemental petition for not alleging that Campbell "was authorized to do such acts, or to receive such knowledge." The exceptions were sustained. Trial and verdict for defendant. On appeal, *held*, that the stipulation in the policy restricting the power of agents to act for or receive information touching the policy would at least confine the authority to thus act to a general agent, or to one acting within the scope of his employment; and it should have been so alleged by plaintiff. It was not charged that Campbell was an agent with authority to bind the company.

2. **Statements in Application for Life Insurance Policy.**—The application affirming that the statements were correct as in the application, their binding force can not be avoided by evidence that the applicant was in fact unacquainted with the contents of the application, or that they were known to be false by the soliciting agent who wrote the answers for the insured and signed it as a witness.

APPEAL from Webb. Tried below before Hon. A. L. MCLANE. The opinion states the case.

*Nicholson & Dodd* and *L. P. Bryant*, for appellant.—1. Where a policy of insurance is issued containing conditions inconsistent with the facts, and the agent of the insurer knew the facts when the policy was issued, the conditions are waived so far as they conflict with the facts known to the agent. Ins. Co. v. Ende, 65 Texas, 122–124; Ins. Co. v. Griffin & Shook, 59 Texas, 511–513; Ins. Co. v. Weill, 26 Am. Rep., 365–367; Kausal v. Ins. Co., 47 Am. Rep., 776; Ins. Co. v. Spiero, 8 S. W. Rep., 457, 458; Ins. Co. v. Wilkinson, 13 Wall., 222; Wood on Fire Ins., sec. 88.

2. Where a policy of insurance is issued containing conditions inconsistent with the facts, and the agent knew the facts when the policy was issued, the conditions are waived so far as they conflict with the facts known to the agent; and this is peculiarly the case where the agent fills up the application erroneously when the facts were correctly stated to him. Ins. Co. v. Ende, 65 Texas, 122; Ins. Co. v. Griffin & Shook, 59 Texas, 511; Ins. Co. v. Weill, 26 Am. Rep., 365; Flynn v.

Ins. Co., 34 Am. Rep., 562–565; Langdon v. Ins. Co., 14 Fed. Rep., 576; Ins. Co. v. Wilkinson, 13 Wall., 222; Ins. Co. v. Mahone, 21 Wall., 152–157; 2 Am. and Eng. Encyc. of Law, 323–326.

3. The defendant company can not avail itself of any misstatement or omission in the application constituting a warranty on the part of the assured when such application is prepared by the agent with knowledge of the facts; and this is so even though the by-laws of the company made known to the assured provide that the person preparing the application shall be the agent of the applicant. Rev. Stats., arts. 2943a, 2946; Miner v. Ins. Co., 9 Am. Rep., 484; Ins. Co. v. Harmer, 2 Ohio St., 459.

*Fiset & Miller*, for appellee.—1. In pleading an estoppel by reason of acts or representations of an agent, it is necessary to allege that such agent has power to bind his principal in the premises. Ins. Co. v. Lacroix, 45 Texas, 158; Ins. Co. v. Lewis, 48 Texas, 622; Ins. Co. v. Lyons, 38 Texas, 253; Ins. Co. v. Jacobs, 56 Texas, 366; Ins. Co. v. Dyches, 56 Texas, 565; Ins. Co. v. Davidge, 51 Texas, 244.

2. The knowledge of an agent acquired outside of his employment as agent, and long prior thereto, can not be imputed to his principal. Ins. Co. v. Hutchins, 53 Texas, 62; Ins. Co. v. Coffee, 61 Texas, 287; Ins. Co. v. Willis, 70 Texas, 12; Wood on Ins., sec. 404; Stennett v. Ins. Co., 68 Iowa, 674; Boggs v. Ins. Co., 30 Mo., 63.

3. If the insured conditions the contract on the absolute truth of a certain statement, but the agent knows such statement to be false, the insurer is not bound by such knowledge of the agent where his authority in this respect is limited by express notice to the insured. Ins. Co. v. Fletcher, 117 U. S., 519; Ins. Co. v. Blum, 76 Texas, 653; Bank v. Ins. Co., 62 Texas, 461; Ins. Co. v. Dyches, 56 Texas, 565; Cohen v. Ins. Co., 67 Texas, 325; Morrison v. Ins. Co., 69 Texas, 353; Ins Co. v. Ende, 65 Texas, 122; Ins. Co. v. Griffin, 59 Texas, 509; Ins. Co. v. Jacobs, 56 Texas, 366; Ins. Co. v. McKinnon, 59 Texas, 507; Ins. Co. v. Stone, 49 Texas, 4; May on Ins., 3 ed., secs. 144g, 144f, 137, 137a, 138, 133b, 133e, 129, 126; Cooke on Life Ins., secs. 20–22.

HENRY, Associate Justice.—This suit was brought by the appellant to recover upon a policy of insurance issued by the appellee upon the life of her husband, William Fitzmaurice. The policy was made a part of plaintiff's petition, and among others it contained the following clause:

"Notice to the holder of this policy: No agent has power on behalf of the company to make or modify this or any contract of insurance, * * * to bind the company by making any promise, or by receiving any representation or information not contained in the application for this policy."

The policy begins as follows: "In consideration of the application for this policy, which is hereby made a part of this contract," etc.

The defendant answered, and alleged, that the contract was contained in said policy and the application therefor, and attached said application as an exhibit; that the application, duly signed by the insured, contained among other clauses the following: "I also agree that all foregoing statements and answers * * * are by me warranted to be true, and are offered to the company as a consideration of the contract." That above this warranty was the following question: "15. Has any proposition or negotiation or examination for life insurance been made to this or any other company or association on which a policy has not been issued? State when and in what company." Which the applicant answered in the negative. That applicant's said answer was false, etc., and the policy was thereby avoided, etc. That on or about the 21st day of March, 1889, at Laredo, Webb County, Texas, said Fitzmaurice did make an application to the Equitable Life Insurance Society of the United States for life insurance to the amount of $2500, and on or about the 22d day of March, 1889, he was examined for life insurance by Dr. J. M. McKnight, medical examiner for said society, and said application and medical examiner's report were furnished to said society, and on or about the 1st day of April, 1889, said application was rejected and no policy was ever issued thereon.

The plaintiff filed a supplemental petition, in which she alleged: "That at the time said William Fitzmaurice made his application for insurance in defendant company he made same at the special instance and request of defendant's agent, one T. E. Campbell; that at the time said application to defendant was made, and by virtue of which the policy sued on herein issued, the said agent T. E. Campbell was present, and assisted in writing down and did write down the answers of said Fitzmaurice; and that after the said answers each and all as contained in said application had been so written down and said Fitzmaurice had signed his name thereto, and after the medical examiner of defendant, one A. W. Wilcox, the agent also of defendant, had examined said applicant as required under the rules of defendant, and after the said Wilcox had signed said application as such medical examiner, said application was delivered to defendant's said agent T. E. Campbell, who read the same in full and was fully advised and knew just what Fitzmaurice's answers and statements were as therein contained, and that at said time said agent of defendant was fully advised and well knew that said Fitzmaurice had made application for insurance to the Equitable Society, from the fact that he (Campbell) was at the date of said application to the Equitable Society the agent of said society, who had solicited said application and forwarded same to said Equitable Society, but that at said date of the application to defendant, neither he, said Campbell, nor said Fitzmaurice had been advised of the re-

jection of said application to said Equitable Life Insurance Society. * * * Wherefore defendant is estopped from setting up said facts as a defense," etc.

Defendant, in reply, interposed special exceptions, as follows: "1. Said pleas of waiver or estoppel are defective and insufficient, in this: that by the express terms of the contract of insurance as contained in said policy and application, said Fitzmaurice was informed and fully notified that no agent of defendant was authorized to bind defendant by receiving any representations or information not contained in said application; and further, the said Fitzmaurice contracted and stated in said application that all his answers therein were true and correct as written in said application, and if T. E. Campbell wrote down his answers, said Fitzmaurice thereupon adopted and ratified the same, and therefore defendant is not bound by any knowledge or conduct of said Campbell that does not appear in said application, and said pleas of waiver or estoppel should be striken out," etc.

"2. That in said pleas of estoppel plaintiff alleges that said Campbell acquired a knowledge of a former application by Fitzmaurice for life insurance while he was in the employ of another insurance company, and imputes such knowledge to defendant, and in law such knowledge as acquired could not affect this defendant in any way; and further, defendant says that no knowledge acquired by said Campbell could bind defendant, unless same came to said Campbell while acting for defendant within the scope of his authority as agent," etc.

"3. Said pleas of waiver or estoppel are defective and insufficient, in this, that plaintiff alleges that said Campbell wrote down said Fitzmaurice's answer in said application and knew same was false, but fails to allege that said Campbell was authorized to do such acts or to receive such knowledge, and if authorized, how authorized," etc.

The court sustained the exceptions, and upon the verdict of a jury rendered a judgment for defendant. We do not think that the court committed an error in sustaining the exceptions. The allegation of agency would usually be sufficient on general demurrer, but not, we think, under the peculiar facts of this case.

The defendant being a corporation, could act only through an agent; but it does not follow that it can have no agent with special or limited powers, or that any agent whom it may appoint for any purpose necessarily has the power to bind it in every respect.

The notice contained in the policy, that "No agent has power on behalf of the company to bind the company by receiving any representation or information not contained in the application for this policy," would at least confine the authority to thus act to a general agent or to one acting within the scope of his employment, and it should have been so alleged. The pleading excepted to does not charge that Campbell was an agent having authority to bind the company.

His name is subscribed to the application as a witness, and he is described only as a "soliciting agent." Cohen v. Ins. Co., 67 Texas, 325; Morrison v. Ins. Co., 69 Texas, 353; Ins. Co. v. Blum, 76 Texas, 661; Ins. Co. v. Jacobs, 56 Texas, 366.

The application was signed by William Fitzmaurice at the bottom, and contained his agreement, that "all the foregoing statements and answers are by me warranted to be true." One of them was, that he had not previously made a proposition for life insurance in any other company or association on which a policy had not issued.

The policy was subsequently issued at the home office of the corporation in another State in consideration of the statements contained in the application.

The applicant in effect affirmed that the statements were correct as written down in the application, and we do not think that their binding force can now be avoided either by evidence that the applicant was in fact unacquainted with the contents of the application, or that they were known to be false by the soliciting agent who signed the application as a witness. Ins. Co. v. Fletcher, 117 U. S., 530; Ins. Co. v. Hazlewood, 75 Texas, 338.

The judgment is affirmed.

*Affirmed.*

Delivered March 18, 1892.