## MODERN ORDER OF PRÆTORIANS v. DAVIDSON. (No. 5885.)

(Court of Civil Appeals of Texas. Austin. March 6, 1918.)

1. INSURANCE ☞268—FALSE WARRANTIES—MATERIALITY.

In the absence of a statute to the contrary, false representations in an application for insurance, which the applicant warrants to be true, will avoid the policy, without reference to the materiality of such statements.

2. INSURANCE ☞723(2) — FRATERNAL — HEALTH AND ACCIDENT—FALSE REPRESENTATIONS—MATERIALITY.

In view of express repeal by Acts 33d Leg. c. 113 (Vernon's Sayles' Ann. Civ. St. 1914, arts 4827–4859a), of Acts 31st Leg. (1st Called Sess.) c. 36, requiring false representations to be material in order to avoid policy in fraternal order, and in view of construction of Rev. St. 1911, art. 4947, providing that misrepresentation, to avoid the policy, must be material, so as to except fraternal orders, the common-law rule applies to fraternal policies.

3. INSURANCE ☞825(1)—FRATERNAL—FALSE WARRANTIES—PEREMPTORY INSTRUCTION.

Where insured made false representations in application for fraternal accident policy regarding previous sickness and swellings, which he warranted to be true, a peremptory instruction for the insurer should have been given.

Error from Coryell County Court; H. E. Bell, Judge.

Action by John E. Davidson against the Modern Order of Prætorians. Judgment for plaintiff, and defendant brings error. Reversed, and judgment rendered for defendant.

Chas. B. Braun, of Waco, and Lewis M. Dabney, of Dallas, for plaintiff in error. T. R. Mears, of Gatesville, for defendant in error.

### Findings of Fact.

JENKINS, J. Plaintiff in error is a fraternal insurance association. It issued to defendant in error a certificate of insurance which provided, among other things, that for the loss of a foot it would pay him $500.

He lost a foot by amputation, following an injury to same caused by tripping over a wire. The application for insurance, which was signed by defendant in error, provided that his answers therein made, with reference to his health and to diseases, injuries, and accidents which he had had, should be taken as warranties, and that if any such answer was untrue the order should not be liable to him in any amount.

Defendant in error also signed the following certificate:

"I hereby certify that all the answers to the foregoing questions propounded to me by the local medical examiner, and statements made by me in the foregoing, are true as set down."

The certificate of insurance contained, among other things, the following:

"Provided that this order shall not be liable for the payment of any sum hereunder, unless said member has fully complied with all of the terms and conditions of its constitution and bylaws, and has not untruthfully answered any questions, or made any untruthful statements to the medical examiner of the order, upon the faith of which this certificate is issued."

In his application for membership, defendant in error made, among others, the following answers: ·

"Question: "Have you now, or have you ever had, any of the following diseases? Answer 'Yes' or 'No.' * * * Swellings of any kind?" To which defendant in error answered: "No." Question: "Have you now, or have you ever had, any diseases not mentioned? If so, name them, giving ·date." To which defendant in error answered: "No."

Diphtheria, measles, typhoid fever, and tonsilitis were not mentioned in the questions propounded to defendant in error.

Defendant in error's foot was amputated in a sanitarium at Temple, Tex., in February, 1916. At that time he made the following statement as to the history of his case:

"Twenty years ago while jumping I injured the right foot, it became swollen and pained me and I was unable to walk on it for a year. The foot has been tender since then and I have had to limp, but did not have to use crutches. I had typhoid fever about thirteen years ago and was in bed with foot again for about two weeks. This cleared up and the foot was about the same as before. Nine years ago I was in the room six or eight weeks and unable to walk without crutches for four months. Four months ago the foot became swollen and pained me considerably again. I have been on crutches now for two months, and the foot does not seem to get any better. When I was three years old I had the diphtheria. About twenty years ago I had typhoid fever. I have had the measles. I have also had tonsilitis, have had trouble with tonsils a great many winters."

Defendant in error admitted upon the trial of this case that the statements made by him to the sanitarium were true. We quote from his testimony as follows:

"When I made the statement in the application that I had not had any diseases, except those mentioned, I suppose that was not true and correct. When I made the statement in the application that I had not had any swellings of any kind, I suppose that was not true and correct." ·

Judgment was rendered for defendant in error for $500. ·

### Opinion. ·

[1] In the absence of a statute to the contrary, false representations in an application for insurance, which the applicant warrants to be true, will avoid the policy, without reference to the materiality of such statements. Insurance Co. v. Pinson, 94 Tex. 553, 63 S. W. 531; Brock v. United Moderns, 36 Tex. Civ. App. 12, 81 S. W.· 340; Ins. Co. v. Blackstone, 143 S.· W. 702; W. of W. v. Lillard, 174 S. W. 619; Jeffries v. Insurance Co., 22 Wall. (89 U. S.) 47, 22 L. Ed. 833; 14 R. C. L. 210.

[2] Article 4947, R. S., Act 1903, provides that a misrepresentation to avoid a· policy must be material to the risk. In Prætorians v. Hollmig, 105 S. W. 846, Reppond v. Nat. Life Ins. Co., 100 Tex. 519, 101 S. W. 786, 11 L. R. A. (N. S.) 981, 15 Ann. Cas. 618, it was held by our Supreme Court that this article did not apply to fraternal insurance. By reason of this decision, the Legislature in 1909 (chapter 36, p. 359) made substantially the same provision as to fraternal insurance as was provided in article 4947, in reference to other insurance. Mystic Circle v. Hansen, 161 S. W. 56. In 1913, the Legislature expressly repealed chapter 36, supra (chapter 113, p. 220), and made no provision in reference to misrepresentations in fraternal insurance. Thus the law in this state in reference to misrepresentations in an application for fraternal insurance is as it was when Prætorians v. Hollmig was decided, and as it is at common law.

[3] Defendant in error having made representations in his application for the certificate herein sued on in regard to his previous sickness and swellings, which he warranted to be true, but which were untrue, the trial court should have peremptorily instructed the jury, as requested by plaintiff in error, to return a verdict for the defendant.

It is unnecessary for us to pass upon the other assignments of error.

For the reasons stated, the judgment of the trial court is reversed, and judgment is here now rendered for plaintiff in error.

Reversed and rendered.