ATCHESON v. MODERN WOODMEN OF
AMERICA. (No. 10637.)

(Court of Civil Appeals of Texas. Fort Worth.
April 19, 1924. Rehearing Denied
May 24, 1924.)

1. Insurance ⬚⟾723(2)—Insured denied recovery, where statements in application were not only material but fraudulent and false.

No recovery could be had on a life insurance policy whether insurer was an old line insurance company or a mutual benefit association, in view of Rev. St. art. 4741, providing the policy and application shall constitute entire insurance contract, where court found that insured's statements in his application were not only material but also fraudulent and false.

2. Insurance ⬚⟾690—Failure to procure permit held not to prevent association from presenting any lawful defense to an action on policy.

Failure of a mutual benefit association to procure a permit to do business in the state did not prevent it from presenting any lawful defense to an action on a life insurance policy, in view of Rev. St. arts. 1314, 1318, 1319, 4761.

Appeal from District Court, Wise County; F. O. McKinsey, Judge.

Action by Millie May Atcheson against the Modern Woodmen of America. Judgment for defendant, and plaintiff appeals. Affirmed.

J. L. Zumwalt, of Dallas, for appellant.
Taylor & Hale, of Waco, for appellee.

Conclusions.

CONNER, C. J. [1] In this case appellant presents 58 assignments of error, thereunder urging 108 separate propositions, which, with statements, arguments, and authorities in support of the same, cover 87 pages of legal cap size, typewritten. It is thus made manifest that within reasonable limits we cannot discuss all of the points presented. The whole, however, has been considered as carefully as our ability enabled us to do, and, as we view the case, many of appellant's contentions relate to and are dependent upon the question of whether the appellee company is an old line insurance company or a mutual benefit insurance association. The trial court found that the appellee company "is and was a fraternal benefit association," and as it seems to us it cannot be said that there is no evidence tending to support this finding, notwithstanding the fact that full proof or full compliance of the chapter of our laws relating to such orders was not presented. But, regardless of the state of the evidence, we cannot see the materiality of the question. If a fraternal benefit association, then by the terms of the contract of insurance the representations of the insured are to be accepted as strict warranties. If, however, appellee is to be accepted as an old line insurance company, then article 4741, Rev. Stats., provides. that the "policy and application, shall constitute the entire contract between the parties and shall be incontestable not later than two years from its date, except for nonpayment of premiums." And that "all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties." The incontestability of the provision of the article is not material here, for the reason that the death of the insured occurred within a few months after the issuance and delivery of the certificate. Nor is the provision that the statements of the insured shall be deemed representations rather than warranties material, in view of the court's finding, undoubtedly supported by the evidence, that the statements of the insured were not only material but also fraudulent. If then the policy, and application constitutes the entire contract between the parties and proof made, as in this case, that the statements of the insured in his application were not only material but also fraudulent and false, the appellant's case must fail. Brock v. United Moderns, 36 Tex. Civ. App. 12, 81 S. W. 340; Fraternal Mystic Circle v. Hansen (Tex. Civ. App.) 153 S. W. 351. The result, under the findings and evidence, would not be different, though the appellee order was a fraternal benefit association.

[2] Another contention, relating to which a number of appellant's questions are urged, is that the appellee order failed to show a permit to do business in this state covering the period of the issuance of the insurance certificate under consideration. Article 4761 of title 71, Rev. Stats., declares that:

"No foreign or domestic insurance company shall transact any insurance business in this state, other than the lending of money, unless it shall first procure from the commissioner of 'insurance and banking a certificate of authority," etc.

Article 1314, of chapter 26, title 25, relating to foreign corporations, provides generally that: '

Such corporations are "required to file with the secretary of state a duly certified copy of its articles of incorporation; and, thereupon, the secretary of state shall issue to such corporation a permit to transact business in this state."

Article 1318 of the same chapter provides that:

"No such corporation can maintain any suit or action, either legal or equitable, in any of the courts of this state upon any demand, whether arising out of contract or tort [committed], unless at the time such contract was made, or tort committed, the corporation had filed its articles of incorporation under the provi-

sions of this chapter in the office of the secretary of state for the purpose of procuring its permit."

This is the only article we have in mind which declares the consequence of a failure to procure a permit, and it is to be noted that the prohibition of this article only prevents a corporation from maintaining any suit or action, but does not prohibit a corporation sued from presenting any lawful defense that it may have. Freeman v. Garcia, 56 Tex. Civ App. 638, 121 S. W. 887.

Moreover, article 1319 of said chapter 26 provides that:

"The provisions of this chapter shall not apply to * * * such corporations as are required by law to procure certificates of authority to do business from the commissioner of insurance and banking."

It follows, we think, that the questions relating to appellee's alleged failure to seasonably secure a permit from the secretary of state are also immaterial.

Other questions, we think, may be passed without discussion, and we conclude that all assignments of error and propositions should be overruled, and that the trial court's conclusions of fact and law should be adopted, and the judgment affirmed.