BROWNWOOD MUT. LIFE INS. ASS'N, OF BROWNWOOD, TEX., v. SCHUMANN. (No. 15.)

(Court of Civil Appeals of Texas. Eastland. Oct. 16, 1925. Rehearing Denied Nov. 6, 1925.)

1. Insurance ⬥290—False representation of age in application will avoid policy, where it would not otherwise have issued.

Where application to local mutual association provided that applicant warranted all representations true, false representations as to age would avoid policy, where policy would not have issued if correct age had been given.

2. Insurance ⬥256(2) — Applicant is bound by answers in application on failure to read it over.

It is duty of one applying for policy in local insurance association to read over answers in application before signing, and on failure to do so applicant is bound by answers as written.

3. Appeal and error ⬥1003—Duty of Court of Civil Appeals to set aside verdict contrary to evidence.

Where judgment was entered in action to recover on insurance policy, on findings of jury on special issues, contrary to evidence, Court of Civil Appeals not only has authority, but it is its duty, to set verdict aside.

4. Insurance ⬥290—Insurer entitled to peremptory instruction, where deceased had made false representations in application.

Where deceased's application contained material false representations as to age, court should have peremptorily instructed verdict for defendant on request.

Appeal from District Court, Comanche County; J. R. McClellan, Judge.

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Suit by Mrs. Louise Schumann against the Brownwood Mutual Life Insurance Association, of Brownwood, Tex. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

Wilkinson & Wilkinson of Brownwood, for appellant.

Jerome P. Kearby, of Comanche, for appellee.

Statement of Nature and Result of Suit.

LITTLER, J. The appellee, Mrs. Louise Schumann, the beneficiary in certificate of membership issued to her husband, Frank Schumann, filed this suit against the appellant association, an unincorporated local mutual association, alleging that the certificate had been issued to her husband on August 9, 1923, whereby it insured the life of Frank Schumann in favor of plaintiff, and bound itself to pay her as such beneficiary an amount equal to $1 for each member of defendant association in good standing at the date of the death of Frank Schumann, not to exceed the sum of $1,000; that Frank Schumann died on May 29, 1924; that at the time of his death he was in good standing as a member of said association, which then consisted of 2,000 members; that said contract of insurance was in full force and effect.

Appellee set out the terms of the certificate entitling her as the beneficiary to recover the sum of $1,000; that defendant denied all liability under said policy or certificate; that, more than 30 days having elapsed after said demand for payment was made, liability denied, and payment refused, plaintiff was compelled to employ, and did employ, an attorney to file suit to collect said policy; and that by reason of said facts plaintiff was entitled under the statute to recover a reasonable attorney's fee, which she alleged to be $500; and that defendant had also become liable to pay her the statutory penalty of 12 per cent. of the face of said policy.

The defendant answered, alleging that the insured misrepresented his age in application for membership; that the said Frank Schumann falsely and fraudulently represented in said application that he was born January 4, 1864, and that his age at the time of said application was about 58 years, when in truth and in fact he was born January 4, 1858 and was at the time of making said application about 65 years of age; that he knew at the time he made, signed, and delivered said application that defendant association did not receive as a member any person over the age of 60 years; and that he was not eligible as a member under the constitution and by-laws of said association; that the certificate was issued in good faith, believing that the statements in application were true; that the association never learned that the insured misstated his age until

after his death, which occurred on May 29, 1924.

Defendant also specially pleaded its article of association No. 5, which reads as follows:

"No applicant under the age of 16, or over the age of 60, computed from his or her nearest birthday, shall be admitted to membership, provided the secretary may, with the consent of the board of directors, issue a policy to any applicant after satisfying himself that said applicant would be of mutual benefit to the association as a member."

The case was submitted to a jury upon the following special issues, the jury answering same as herein indicated:

Special issue No. 1: Did the deceased, Frank Schumann, make the written application for insurance in evidence before you? Answer "Yes" or "No." Answer: "No."

Special issue No. 2: Did the defendant company issue the policy of insurance in question wholly and solely upon the face of the written application made to the defendant company through M. A. Martin? Answer "Yes" or "No." Answer: "Yes" (but not as it was when it left Frank Schumann).

Special issue No. 3: Did the deceased Frank Schumann state his age correctly to the said Martin? Answer "Yes" or "No." Answer: "Yes."

Special issue No. 4: Did the deceased, Frank Schumann, state to M. A. Martin that he, the said Frank Schumann, was more than 60 years of age at the time he, the said Schumann, made application for insurance? Answer "Yes" or "No." Answer: "Yes."

Special issue No. 5: Was the said Frank Schumann informed by the witness Martin at the time he applied for insurance that the company would not issue policies to parties that were over 60 years of age at the time of making application for insurance? Answer "Yes" or "No." Answer: "No."

Special issue No. 6: Was the age of Frank Schuman written in the application for insurance by Martin showing his age to be less than 60 years so written with the knowledge of the applicant, Frank Schumann? Answer: "Yes" or "No." Answer: "No."

Special issue No. 7: Has the defendant confined the area within which it operated or solicited insurance to an area of a radius of 50 miles of Brownwood, Tex.? Answer "Yes" or "No." Answer: "No."

Special issue No. 8: Has the defendant, who claims to be a mutual aid association, been connected, associated, or federated with any other mutual aid association? Answer "Yes" or "No." Answer: "Yes."

Special issue No. 9: What would be a fair and reasonable attorney fee for representing and prosecuting to final determination, this suit by the plaintiff? Answer stating in dollars and cents the amount you find. Answer: $350. From a judgment for appel-

lee based upon said findings appellant bases his appeal to this court.

[1, 2] The first question to be considered is, Shall appellee be bound by the constitutional provision and by-laws of the company limiting the age of members to 60 years, and also as to whether or not she is bound by the answers and warranties made by the insured in the application made by him for said insurance. This question seems to be well settled by our courts adversely to appellee— that, where the application made to an insurer contains a provision whereby the applicant warranted that all representations were true, false representations as to his age will avoid the certificate, where they were such that they would not have been issued had the truth been told; that it is the duty of one applying for a policy in an association of this kind to read over the answers written in the application before signing, and, in case of failure to read over such application, the applicant is bound as by the answers written.

### Authorities.

Sovereign Camp, Woodmen of the World, v. Lillard (Tex. Civ. App.) 174 S. W. 619; Harris v. Zier et al., 43 Wash. 573, 86 P. 929; Fitzmaurice v. Mutual Life Ins. Co. of New York, 84 Tex. 61, 19 S. W. 301; Hemphill County Home Protective Ass'n v. Richardson (Tex. Civ. App.) 264 S. W. 294; 32 C. J. 1337; Modern Woodmen of America v. Angle, 127 Mo. App. 94, 104 S. W. 297; Modern Order of Prætorians v. Davidson (Tex. Civ. App.) 203 S. W. 379.

We have carefully examined the statement of facts, and it seems that the evidence is not only overwhelming, but very conclusive, that the application made by the insured gave his age as 58 years; that the company relied upon said statement at the time it issued the policy; that it would not have issued the policy had it known the true age of the applicant; that the age of the applicant at the time he made the application was 64 years; that the insured knew, at the time he made the application, that, if he gave his age as 60 years, he would not be eligible for the insurance; that the policy had been issued and been in possession of insured for several months before his death; and that he had examined same and did know, or should have known, that his age was incorrectly stated on the policy or certificate issued to him.

[3] It appears to us that the answers made by the jury to the special issues are contrary to the evidence and all the evidence adduced at the trial; hence this court not only has authority, but it is its duty, to set aside a verdict against such a preponderance of the evidence, though we do so reluctantly.

In the case of Modern Order of Prætorians v. Davidson (Tex. Civ. App.) 203 S. W. 379, the court held that the false representations in an application for insurance, which the applicant warrants to be true, will avoid the policy, without reference to materiality of such statements, and again in the same case, an opinion by Judge Jenkins, it holds that, where the insured made false representations in application for insurance, which he warranted to be true, a peremptory instruction for the insurer should have been given.

[4] In view of what has been said, defendant in error having made representations in his application for the certificate herein sued on, which he warranted to be true, but which were untrue, the court should have peremptorily instructed the jury, as requested by plaintiff in error, to return a verdict for defendant.

It is unnecessary for us to pass upon the other assignments of error.

For the reason stated, the judgment of the trial court is reversed, and judgment is here now rendered for plaintiff in error. Reversed and rendered.

### On Rehearing.

Appellee has filed a very voluminous motion for rehearing in this cause. However, in said motion no new authorities are cited or new argument produced.

Appellee strenuously insists, however, that this court should have passed upon the question as to whether or not the statute providing for attorney's fees and 12 per cent. penalty was applicable to a fraternal insurance company. In view of the fact that this case was reversed and rendered, we could see no good reason why said assignments of error should be further discussed, and believe that our recent opinion correctly states the law applicable to this case. We therefore overrule motion for rehearing.