### JONES v. GREAT SOUTHERN LIFE INS. CO. (No. 7036.)

(Court of Civil Appeals of Texas. Austin. Dec. 1, 1926.)

Insurance ⬅131(2)—Oral life insurance contract held not binding, where application put parties on inquiry, which would have disclosed that agent was mere solicitor.

Recovery might not be had on oral contract of life insurance since provisions in application, that no statements other than those in application should be binding, were sufficient to put insured or beneficiary on inquiry, and inquiry would have disclosed that agent was mere solicitor and hence unauthorized to make oral contract of insurance.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Action by P. B. Jones against the Great Southern Life Insurance Company. Judgment for defendant, and plaintiff appeals. Affirmed.

H. R. Young and Ross Hufmaster, both of Kaufman, for appellant.

Vinson, Elkins, Sweeton & Weems, of Houston (Fred R. Switzer, of Houston, of counsel), for appellee.

BLAIR, J. Appellant sued appellee, alleging that about May 31, 1924, appellee, acting by and through its duly authorized agent and representative, J. H. Gage, contracted with Vera P. Jones, wife of appellant, to insure her life for $2,000, in consideration of a $23.94 note executed by her with appellant as surety, and payable to appellee October 1, 1924; that Vera P. Jones died June 7, 1924, and by the terms of the contract appellee became liable and bound to pay appellant the said sum of $2,000.

Appellee denied under oath the authority of Gage to make the contract alleged, or any contract of insurance for it, and specially pleaded as notice of limitations of Gage's authority a provision in the written application for the insurance, which read:

"I represent that all of the foregoing and following statements and answers are true, full and complete as contained in this application, whether written by my own hand or not, and are offered to Great Southern Life Insurance Company as a consideration for and as a basis of the contract with said company under any policy that may be issued upon this application. That no statements, promises or information made or given by or to the person soliciting or taking this application other than those written and contained herein shall have any binding force or in any way affect the rights of the company."

Appellee also attached and made a part of its pleadings its agency contract with J. H. Gage, which in effect limited Gage's authority to soliciting and receiving applications for insurance and forwarding same for action of appellee thereon, and to delivering policies which appellee had issued and to collecting initial premiums thereon, and to paying over premiums to the company. Appellee also alleged that it made investigations to determine if it would accept the said Vera P. Jones's application for insurance, but that she died before the investigations were completed, and that on June 17, 1924, the note which had been so executed for premium was returned to appellant.

Appellant's supplemental petition alleged that appellee was estopped to deny Gage's authority to make the contract because it held him out to the general public as its agent, and that he acted within the apparent scope of his authority in making the contract. It was not contended by appellant that a written policy issued. He identified the signature of his wife to the written application for the insurance, from which the above provision is quoted. The only testimony with reference to an oral contract of insurance was that of appellant, who testified:

"The note was dated May 27th or 26th—it was dated on Tuesday and my wife died the following Saturday week. Something was said to me at that time by Mr. Gage as to when the contract would go into effect. I said, 'Mr. Gage, I don't know anything about your company,' and he turned around and asked who was our doctor, and I told him Dr. Shaw, at Kaufman; he said, 'The minute Dr. Shaw passes on this your insurance goes into effect.' That was when he handed me the note to sign. Mr. Gage wanted me to take my wife to Dr. Shaw that day.

"Mr. Gage stated to me in reply to my question that the $2,000 insurance would be in full force and effect as soon as Dr. Shaw examined my wife and she passed the examination. Dr. Shaw told me when he completed her examination that she had passed the examination."

Appellant testified with reference to the agency of Gage as follows:

"I know a man by the name of J. H. Gage; he came to my house the latter part of May, '24. He drove, and called me out and told me he was writing insurance. We talked a little while. He showed me the different rates. He had a number of books in which the rates were contained; he had a whole stack of books. The literature he had showed the company he was representing. It was the Great Southern Life Insurance Company. He asked if my wife had any insurance. I told him she did not. He asked me if I cared if he wrote her up for some insurance. I told him I did not. She de-

·cided to take out a policy of $2,000. He told her he was the insurance agent. I told him I was not able to pay for it then. He said they would take a note for it. After my wife and I signed the note we gave it to J. H. Gage. I never saw the note any more until it was mailed back. The note you have there is the note. It was received after my wife's death."

Appellant then introduced the note in evidence and a letter from E. P. Greenwood, president of appellee, to appellant, which contains this language:

"We have instructed our representative, Mr. J. H. Gage, to return any settlement given by you to him," etc.

The above is the substance of appellant's testimony, and when it was concluded the trial court instructed a verdict for the appellee, and thereupon rendered judgment for appellee. We affirm that judgment.

In reference to the effect of the limitations upon Gage's authority as contained in the provision quoted from the written application for the insurance, the authority 32 Corpus Juris. 1065, says:

"Thus, where limitations on the agent's authority are contained in the application or policy, insured is bound to take notice thereof and cannot hold the company bound for acts of the agent beyond such limitations. * * * Such a limitation in the application applies to transactions relating to the inception of the contract as well as to matters arising subsequent to its execution. * * *

"Where a person dealing with an insurance agent is, by the circumstances, put on notice that he is a special agent, or that his powers are otherwise limited, such person is bound at his peril to ascertain and take notice of the limitations imposed."

It is without question that the language quoted in reference to statements, promises, or information made or given by Gage while soliciting the insurance was sufficient to put appellant or the insured upon notice that he was a special agent, or that his powers were limited, and if they had made inquiry they would have found that he was merely a soliciting agent for obtaining and submitting applications for insurance to the company and could only perform such as were incidental to that power. Joyce on Insurance, vol. 2, p. 1298, says with reference to this question:

"But it is held that a soliciting agent authorized to receive applications and to forward the same to the company for approval or rejection, and to collect and transmit premiums, has no authority to make an oral contract to insure, even though he had told the insured, on a prior occasion, that the insurance would take effect from the time of the application, and a policy had been issued on that application. *· * * "

Our own courts in passing upon the question have held:

"The rule seems to be well settled in this state to the effect that, when the limitation is expressed in the application or in the policy in such way that the insured is charged with knowledge thereof, the company will not be estopped by the wrongful acts of the agent. Fitzmaurice v. Life Ins. Co., 84 Tex. 61, 19 S. W. 301; Insurance Co. v. Harris, 26 Tex. Civ. App. 537, 64 S. W. 867."

In the recent case of Texas State Mutual Fire Ins. Co. v. Richbourg, 257 S. W. 1089, by the Commission of Appeals, it is held that no presumption exists that an agent has authority to make an oral insurance contract for an insurance company; but that authority must be proved affirmatively by the party asserting the contract.

In a more recent case of Southern Surety Co. v. Benton, 280 S. W. 551, the Commission of Appeals construed a notice of limitations upon the agent's authority contained in the application, which was similar to the one above in this case, and held that in executing the application applicant had notice that the agent could not waive any provisions of the policy.

We find no error in the judgment, and it is affirmed.

Affirmed.