**FUQUA v. MAPES.**
No. 1371—5957.

Commission of Appeals of Texas, Section B.
Feb. 15, 1933.

Carl Gilliland, of Hereford, for plaintiff in error.

Charles H. Dean, of Dimmitt, for defendant in error.

RYAN, Judge.

Defendant in error, C. J. Mapes, sued J. L. Fuqua, plaintiff in error, in the county court of Castro county to recover on a promissory note dated January 30, 1929, due on or before July 30, 1929, in the principal sum of $450, with interest at the rate of 10 per cent. per annum from its date, and the usual 10 per cent. attorney's fees, if placed in the hands of an attorney for collection. Said note also provided that all past-due interest should bear interest thereafter at the rate of 10 per cent. per annum.

To secure payment of said note, the plaintiff in error (defendant below) executed a chattel mortgage lien on certain live stock therein described.

The prayer was for judgment for the debt (principal, interest, attorney's fees), and foreclosure of the chattel mortgage lien.

The defendant below answered by general demurrer, general denial, and specially, that said note was given as the consideration for the purchase of one bull which he was induced to purchase by false and fraudulent representations, wherefore the consideration for said note failed.

The defendant below also filed an admission of plaintiff's cause of action as set forth in the original petition, except in so far as it may be defeated in whole or in part by the facts alleged in his answer constituting a good defense, which may be established on the trial (rule 31 for district courts).

The trial court submitted to a jury only the one issue touching failure of consideration for the note sued on, and, this being resolved in favor of plaintiff below, entered judgment for him for the amount of the debt, as sued for, with interest from date of judgment and costs, and awarded execution therefor. The judgment did not foreclose the mortgage lien.

In the Court of Civil Appeals, as in the application for writ of error to the Supreme Court, plaintiff in error, Fuqua, assigned the single ground of error, viz., that the trial court erred in overruling his general demurrer to the petition on the proposition that plaintiff below failed to allege the value of the live stock upon which he sought foreclosure of the mortgage.

The Court of Civil Appeals affirmed the judgment of the trial court on the ground that no jurisdiction was exercised over the mortgaged property; only a personal judgment having been rendered, 40 S.W.(2d) 847.

Opinion.

Upon general demurrer, every reasonable intendment arising upon the pleading excepted to, from the allegations contained in it, must be indulged in favor of its sufficiency. District court rule 17; Wynne v. National Bank, 82 Tex. 378, 17 S. W. 918; Gulf, W. T. & P. Railway Co. v. Montier, 61 Tex. 122; Garrett v. Kelley (Tex. Civ. App.) 6 S.W.(2d) 414; Northwestern Nat. Insurance Co. v. Woodward, 18 Tex. Civ. App. 496, 45 S. W. 185; Knoohuizen v. Nicholl (Tex. Civ. App.) 257 S. W. 972, 974. As said in the latter case: "The rule is that after indulging all intendments in favor of the pleading unless it then plainly appears from the allegations that the court is without jurisdiction * * * it should retain jurisdiction. * * * This is the rule applied by the Supreme Court and by this court in cases appealed from county courts. Pecos & N. T. Railway Co. v. Rayzor, 106 Tex. 544, 172 S. W. 1103; Underwriters v. Bank (Tex. Civ. App.) 192 S. W. 1098."

In Hill v. Preston, 119 Tex. 534, 34 S.W.(2d) 780, 783, it is announced: "In passing upon the petition as tested by the general demurrer, the court should consider every thing as properly alleged which by reasonable construction is embraced within the allegations contained in the petition. If the petition does not contain sufficiently specific allegations with reference to any issue, the objection thereto may be made by means of a special exception.".

When tested by a general demurrer, the pleading will be given the most reasonable intendment in favor of its sufficiency. Gorham v. Railway Co., 41 Tex. Civ. App. 615, 95 S. W. 551.

This brings us to the inquiry, whether the petition sued on sufficiently alleges jurisdiction in the county court as to the value of the mortgaged property. It is conceded that the county court had jurisdiction as to amount of the debt sued for.

The petition, after averring the execution, delivery, and nonpayment of the note sued on, then averred the execution and delivery of the chattel mortgage in question, and defendant then and there warranted that there was no prior lien on any of said property, and that said property was of the reasonable, aggregate cash value of $1,000.

The chattel mortgage is then set out in hæc verba; it contains this statement, after describing the property: "Together with all increase thereof and upon which 'there is no proper lien; said property is of the reasonable aggregate cash value of one thousand dollars."

We think this allegation in the petition in connection with the chattel mortgage itself carrying the defendant's admission of the value of the property is sufficient, under the authorities, in the absence of a plea to the jurisdiction, or a special exception on the question of value. Ferguson v. Rhoades Drilling Co. (Tex. Civ. App.) 271 S. W. 155; T. & N. O. R. R. v. City of Beaumont (Tex. Civ. App.) 285 S. W. 944.

The statement that defendant warranted the property as of a certain value necessarily carries the intendment that it was of that value.

While it is true that the chattel mortgage copied in the petition, if treated as an exhibit, cannot supply the omission of a necessary allegation, yet it can cure a defective allegation; and, when read in the light of the exhibit and aided by it, if the reasonable intendments of the pleading and the exhibit meet the requirements of the law, then such pleading will be held sufficient. T. & N. O. R. R. v. City of Beaumont, supra; Milliken v. Callahan Co., 69 Tex. 205, 6 S. W. 681; Wynne v. Bank, 82 Tex. 378, 17 S. W. 918.

We think jurisdiction of the county court was sufficiently alleged in the petition, and, that being the only question raised by plaintiff in error, we recommend that the judgments of the county court and Court of Civil Appeals be affirmed, but for the reasons above given.

GREENWOOD and PIERSON, JJ.

Judgments of the trial court and the Court of Civil Appeals are affirmed.

CURETON, C. J., not sitting.