## CHATTANOOGA BOILER & TANK CO. v. CITY OF COLLINSVILLE.

### No. 13637.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 3, 1937.

Brame & Brame, of Sherman, for appellant.

Finley & Wolfe and J. S. Freels, all of Sherman, for appellee.

DUNKLIN, Chief Justice.

This suit was instituted by the Chattanooga Boiler & Tank Company against the City of Collinsville, alleged to be a municipal corporation duly incorporated under the law. These allegations appear in plaintiff's petition:

"For cause, plaintiff represents that heretofore, towit: On or about the 24th day of September, 1929, for value received, the defendant made, executed in writing and delivered to this plaintiff an instrument in writing bearing its signature duly signed thereto by its Mayor, E. L. Farr, and its secretary, F. R. de Cordova, dated September 24th, 1929, whereby it promised to pay to the order of plaintiff on or before the 1st day of December, 1930, the sum of Two Hundred Twelve ($212.00) Dollars

with interest from its date at six per cent per annum, payable at the office of The Security National Bank, and all costs, and ten per cent attorneys' fee if placed in the hands of an attorney for collection; that thereby the defendant became bound and liable and promised plaintiff to pay it the said sum of money in said instrument specified together with all interest and attorneys' fees as therein specified.

"That said indebtedness as evidenced by said written instrument is long since past due and wholly unpaid and the defendant, though often requested, has hitherto failed and refused, and still refuses, to pay the same or any part thereof to plaintiff's damage in the sum of $300.00."

The petition concluded with a prayer for recovery of principal, interest, and attorney's fees stipulated in the note.

It was filed September, 8, 1931. On October 7, 1936, the defendant filed its first amended original answer in lieu of its original answer filed September 22, 1931. The amended answer consisted of a general demurrer and a general denial.

On October 12, 1936, the general demurrer was heard, and the court entered the following order thereon:

"It is therefore considered, adjudged and decreed by the court that defendant's general demurrer be in all things sustained and that it go hence without day, and that it recover of plaintiff, Chattanooga Boiler and Tank Company, all costs in this behalf expended, for which the defendant may have its execution.

"To the action of the court, the plaintiff then and there excepted and in open court gave notice of appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas, sitting at Dallas."

Five days thereafter, during the same term of court, plaintiff filed its motion to set aside that judgment and reinstate the case, and that plaintiff be given leave to file an amended petition to show that the note was executed with all the formalities and all the conditions required by law to make the same binding upon the defendant, upon allegations to the effect that the court had sustained the demurrer for lack of more specific allegations in that respect. The motion was overruled; the plaintiff has appealed, and the case has been transferred to this court by order of our Supreme Court.

It is a well-settled rule of decisions of this state that as against a general demurrer every reasonable intendment will be indulged to show sufficiency for the relief sought. Stovall v. Texas Co., Tex. Civ.App., 262 S.W. 152; Young v. Archer Motor Co., Tex.Civ.App., 33 S.W.2d 752; Davis v. Mrs. Baird's Bakery, Tex.Civ. App., 30 S.W.2d 809; Fuqua v. Mapes, Tex. Com.App., 57 S.W.2d 97; Garza v. Kenedy, Tex.Com.App., 299 S.W. 231, 233; Hill v. Preston, 119 Tex. 522, 34 S.W.2d 780, 783; Fooshee & Hungerford v. City of Victoria, Tex.Civ.App., 54 S.W.2d 220, 223, writ denied; Cox, Inc., v. Humble Oil Refining Co., Tex.Com.App., 16 S.W.2d 285, 286.

In Garza v. Kenedy, supra, this was said in opinion by Judge Short for the Commission of Appeals: "In testing the sufficiency of a petition by a general demurrer, much liberality is indulged by the courts, even though much of the pleading is made up of what is generally termed 'conclusions of the pleader,' drawn from the facts not revealed. Yet, such a defect in pleading can only be reached by special demurrer against that defect and cannot be reached by general demurrer."

In Hill v. Preston, supra, this was said by Justice Sharp, speaking for the Commission of Appeals and adopted by the Supreme Court: "If the petition does not contain sufficiently specific allegations with reference to any issue, the objection thereto may be made by means of a special exception."

We quote the following from opinion in Fooshee & Hungerford v. City of Victoria, supra: "In passing upon the validity of the contract, allegations that the contract was valid, binding, and subsisting will be held by intendment to include the performance of every statutory requirement in the execution of the contract on the part of the council."

Also the following from opinion of Justice Leddy, for the Commission of Appeals, in Cox, Inc., v. Humble Oil Refining Co., supra: "Plaintiff in error's petition contained the averment that the contract was made by defendant in error 'through its duly authorized agent Monroe.' We think this allegation was sufficient to justify the submission of the issue as to whether Monroe had been clothed with apparent authority to execute the contract made the basis for plaintiff in error's cause of action. 'Duly,' in legal parlance, means according to law [citing authorities]; in accordance with what is right, required, or suitable, fittingly, becomingly, regularly [citing authorities]."

Tested by those decisions, we conclude that the court erred in sustaining the general demurrer to plaintiff's petition.

Decisions cited by appellee, such as Wilke v. City of Ballinger, Tex.Civ.App., 31 S.W. 2d 1102; Fitzmaurice v. Mutual Life Ins. Co., 84 Tex. 61, 19 S.W. 301; Peck-Smead Co. v. City of Sherman, 26 Tex.Civ.App. 208, 63 S.W. 340, are distinguishable from this case in the points discussed. But, if not so, the first decisions cited above will be given controlling effect here.

It is therefore unnecessary to determine the contention urged by appellee to the effect that appellant waived its right to complain of the ruling on the general demurrer by failing sooner to ask leave to file an amended petition; since that question would arise in the event only the demurrer was properly sustained.

For the reasons pointed out, the judgment of the trial court sustaining defendant's general demurrer to plaintiff's petition is reversed, and the cause is remanded for further proceedings not inconsistent with the judgment of this court.