## Smith v. The State Insurance Company.

1. **Practice**: RE-OPENING CASE: WITNESS DELAYED. Where a material witness in a case starts in due time to attend the trial, but is delayed by an accident, and without fault or negligence on the part of the witness or the party, the refusal of the court to allow such witness to testify after one or more of the arguments had been made and before the submission of the cause to the jury, was error.

2. **Insurance**: PAROL CONTRACT: BURDEN OF PROOF: INSTRUCTIONS. In an action upon a parol contract of insurance, the burden is upon the plaintiff to prove the contract and the authority of the agent to make it, and where the instructions, considered together, show that the court intended to submit to the jury the question whether the agent had such authority, there was no error.

3. ———: AUTHORITY OF AGENT: KIND OF RISK. Authority given to an insurance agent to take one kind of risks, does not necessarily include authority to take all kinds. Instruction considered and held erroneous.

*Appeal from Page Circuit Court.*

WEDNESDAY, JUNE 7.

ACTION upon a parol contract of insurance. There was a trial to a jury. Verdict and judgment were rendered for the plaintiff. The defendant appeals.

*Wright & Wright* and *McPherrin Bros.*, for appellant.

*F. F. Willis* and *Clark & Parslow*, for appellee.

ADAMS, J.—After the parties had rested and two arguments had been made in the case, the defendant moved to re-open the case, and for leave to introduce further testimony. The court overruled the motion, and the overruling is assigned as error.

1. PRACTICE: re-opening case: witness delayed.

The defendant company is located at the city of Des Moines. It was shown by affidavit that the secretary of the company, one Long, was a material witness in behalf of the defendant; that Clarinda, the county seat of Page county, where the trial took place, was to be reached from Des Moines by a circuitous route, and by three different railroads; that the trial commenced on the 8th day of December, 1880; that the witness, Long, left Des Moines to attend the trial on the 6th day of December, 1880; that he missed one of the trains upon which he was about to take passage, because it did not pull up to the platform, and furthermore was not announced; and by reason of the delay so caused, and also by reason of a recent change of time on one of the roads, he did not reach the place of trial until the evening of the day on which the trial commenced. The testimony which the defendant sought. to introduce after it had rested, was the testimony of this witness.

Section 2799 of the Code provides that at any time before the cause is submitted to the court or jury, either party may be permitted by the court to give further testimony to correct an evident oversight or mistake, but terms may be imposed upon the party obtaining the privilege. The plaintiff insists that the defendant has not brought itself within the provision because it has not shown due diligence, and has not shown such oversight or mistake as the statute contemplates. He further insists that to allow a party to introduce evidence after he has rested, is a matter of discretion, and is not subject to review except in case of abuse, and that this is not such case.

As to the matter of diligence, we are not prepared to say that the statute contemplates that any very high degree of diligence should appear to have been exercised to entitle a party to the relief provided. Testimony may be introduced which has been omitted simply by reason of oversight. It is not like a case where a new trial is sought, and additional expense must be incurred. But we are not called upon to determine precisely what degree of diligence is required. The

affidavit in this case shows that the defendant's counsel, when they went to trial, were informed that the witness was on the way, and that they had good reason to suppose that he would arrive several hours earlier than he did.   It also shows very clearly that the witness was not delayed by reason of any negligence or fault of the company or of himself.   It appears to us that there was a showing of strict diligence, and that the defendant's motion could not have been overruled upon that ground.

We are inclined to think that the court thought that the " oversight " and " mistake " mentioned in the statute, could not be regarded as meaning the accidental delay of a witness in reaching the place of trial.

We presume that the more usual application of the statute is to cases where testimony which might have been introduced is omitted, through simple forgetfulness or lack of appreciation of its importance, or where a witness desires to make a correction in his testimony.   But we think the statute is not limited to such cases, and we have to say that we think that the present case comes at least within the spirit if not the letter of the statute.

Besides, a party is entitled to a new trial where, by reason of accident which ordinary prudence could not have guarded against, he has not had a fair trial.   Code, § 2837.   If a material witness starts in due time to attend a trial and is delayed purely by an accident, and is prevented thereby from reaching the place of trial until the trial has been concluded, and the party for whom the witness expected to testify is unsuccessful, and was not in fault in going to trial without the witness, we think that ordinarily such party is entitled to a new trial.   Now it is abundantly evident that in a case which differs from that only in the fact that the witness arrives before the trial has been concluded, the party for whom the witness is called should offer him upon that trial, even though the parties may have rested, and one or more of the arguments have been made.   Wherever it would be the duty of

such party to offer such witness, it would be the duty of the court to allow him to testify unless the other party should apply for and show himself entitled to a continuance on the ground of surprise.

Whether, in such case, the duty of the court is not a strict one, we do not determine. If we should concede that it might exercise a discretion, we should have to say that in this case we think that the discretion of the court was abused. No reason appears from the record, or is suggested by the plaintiff's counsel, which should, so far as we can see, have had 'any influence in excluding the witness. It is, of course, not necessary to say that he could not properly have been excluded because he was a witness for an insurance company, nor can we suppose that he was excluded upon such ground.

II. The parol contract of insurance sued upon is alleged to have been made with the company through one Smedley.

2. INSURANCE: parol contract: burden of proof: instruction. The defendant denies the contract. The burden of proving it was upon the plaintiff. The evidence is very clear that Smedley held himself out as the agent of the company; that he made the contract as alleged, and claimed to have power so to do. The evidence, however, that he was authorized to make such contract, or any contract of insurance, or was held out by the company as having such authority, is very slight. The court instructed the jury that if they found that the company, through its agent, "having full authority to take risks of insurance for the defendant" entered into the alleged parol contract, it would be binding upon the company. The defendant contends that the court erred in giving this instruction, because it assumes that Smedley was authorized to make contracts of insurance for the defendant.

The instruction is possibly susceptible of the construction which the defendant puts upon it. But taken in connection with the instruction which follows, it shows very clearly that the court intended to submit to the jury the question as to whether Smedley had such authority. In the instruction

which follows, the court charged the jury that if Smedley had authority only to receive and forward the application and the company rejected the risk, it would not be bound. In our opinion the objection is not well taken.

III. Another objection, however, is made, which we think must be sustained. The alleged contract was for insurance on a blacksmith shop. The defendant denies expressly in its answer that either Smedley, or any other agent, had authority to insure a blacksmith shop. The instruction proceeds upon the theory that he did have such authority if he had authority to take risks of any kind. Now it appears to us that authority to take one kind of risks does not necessarily include authority to take all kinds. Whether evidence of authority to take one kind would raise a presumption of authority to take all kinds, we need not determine. The fact that Smedley did not deliver to the plaintiff a policy, but received from him his application and forwarded it to the company to pass upon the risk, would have some tendency in this case to rebut such presumption if there is any.

Several other questions are presented, but some of them are such as will not probably arise upon another trial. As to others we might not be wholly agreed. For the errors pointed out the judgment must be

<div style="text-align: right">REVERSED.</div>

<div style="margin-left:2em; font-size:smaller">3. ———: authority of agent: kind of risks.</div>