### GREAT AMERICAN CASUALTY CO. v. EICHELBERGER.
### No. 1016.

Court of Civil Appeals of Texas. Waco.
March 19, 1931.

Rehearing Denied April 23, 1931.

Albert Boggess and Richey & Sheehy, all of Waco, for appellant.

Geo. Clark and J. J. Campbell, both of Waco, for appellee.

ALEXANDER, J.

This was a suit by Jim Eichelberger against the Great American Casualty Company to recover the sum of $1,500 alleged to be due him on an accident policy issued by the defendant on the life of A. D. Eichelberger. The plaintiff alleged, in substance, that the defendant's agent, C. H. Kendrick, was its general agent, with authority to take applications for accident insurance, pass upon said applications, and to sign and deliver policies and that said agent, for a consideration of $1, agreed to execute and deliver to the insured a policy in the sum of $1,500, insuring the said A. D. Eichelberger against death from accidental means from any cause; that said agent executed and delivered to the insured a policy and fraudulently represented that it embodied the terms of their oral agreement; that the insured was an illiterate negro, who could barely read and write, and that he did not read the policy, but relied on the false and fraudulent representations of the agent that it contained the true contract as agreed upon by the parties; that in fact the policy as delivered insured the said A. D. Eichelberger only in the event his death was caused by accidental means while riding in a public conveyance. The plaintiff contended that, since the policy as delivered did not contain the true agreement as made by the parties, he was not bound thereby, but was entitled to recover on the oral agreement. The plaintiff further alleged that the defendant had supplied said agent with blank forms of accident policies, and had authorized and empowered him to execute and deliver same, and had thereby clothed him with the apparent authority to make contracts for and on behalf of the company, and that the company was estopped to deny the apparent authority of said agent to make such contracts, and that it was bound by the representations made and oral agreement entered into by said agent. The plaintiff alleged

that, within one year from the date of the policy, the insured lost his life as the result of the accidental discharge of a shotgun. The defendant entered a general denial, and specifically denied that said agent had the actual or apparent authority to make the representations and oral agreement alleged by plaintiff, and alleged that the only agreement that said agent was authorized to make was that actually embodied in the written policy delivered to the insured; that said policy contained provisions prohibiting the agent from changing the terms of the contract and that the insured had received and retained the policy, and that he and the beneficiary named in the policy were estopped to deny that the policy as delivered spoke the true agreement between the parties.

A trial was had before a jury, and the jury, in response to special issues, found that the agent, on behalf of the company, offered to deliver to the insured a policy that would pay the named beneficiary $1,500 if the insured lost his life by accidental means from any cause; that the insured accepted the offer, believing in good faith that the agent had the authority to make the contract and that a reasonably prudent person would have so believed; that the agent falsely represented that the policy as delivered contained the true agreement as offered by the agent and accepted by the insured and that the insured relied on such representations; that the representations were made by the agent with the intention of misleading the insured, and that the insured accepted the policy believing that it embodied the true agreement and never had knowledge to the contrary; and that such belief was induced solely by the false representations of the agent. Based on the verdict of the jury, the court entered judgment for the plaintiff. The defendant appealed.

The appellant complains of the action of the court in failing to give a peremptory instruction for the defendant. It was agreed between the parties in open court that Kendrick, the agent, who wrote the policy, only had the authority from the appellant to write what is known as the "Little Giant Travel Accident Policy." This was the policy that was actually delivered, and it did not insure against death from gunshot wounds, but only insured against death from an injury received while traveling in a public conveyance.

The appellee concedes that he cannot recover on the policy actually delivered. Therefore, if he is to recover at all, it must be by virtue of the oral contract of insurance alleged to have been entered into between the agent and the insured. Since the agent did not have the authority to make any other contract other than that delivered, it follows that he did not have the actual authority to make the oral agreement. If appellee is to recover at all, it must be because it was with-

in the scope of the apparent authority of the agent to make such agreement. It becomes necessary, therefore, to determine whether the agent was acting within the scope of his apparent authority when he made the alleged oral agreement.

■■■ By apparent authority is meant such authority as a reasonably prudent man, using diligence and discretion in view of the principal's conduct, would naturally and reasonably suppose the agent to possess. 1. Words and Phrases, Third Series, page 507. An agent, who is clothed with the apparent authority, may make a binding contract, although his authority is actually so limited as not to authorize the making of such contract. Cox v. Humble Oil & Refining Co. (Tex. Com. App.) 16 S.W.(2d) 285, par. 2. If a principal, acting through agents, invests such agent with the apparent authority, the acts of the agent in making a contract within the scope of his apparent authority is as binding upon the principal as if the agent possessed such authority. Clem v. Forbess (Tex. Civ. App.) 10 S.W.(2d) 223, par. 4. In order to determine whether the acts of the agent were within his apparent authority, we must keep in mind the distinction between a general agent and a special agent. A general agent is one empowered to transact all the business of his principal of a particular kind or in a particular place, and such general agent has the apparent authority to do anything that the company could do in the premises. He may bind his principal notwithstanding secret instructions to the contrary. Manhattan Life Insurance Co. v. Stubbs (Tex. Com. App.) 234 S. W. 1099, 1103; 2 C. J. 427. On the other hand, a special agent is one empowered to do only a particular thing or a particular class of work. A special agent has authority only to do those things intrusted to him and such as are apparently necessary to accomplish that end.

■■■ The agent, Kendrick, was empowered only to execute and deliver the "Little Giant Travel Accident Policy." This power would carry with it the implied authority to do those things necessary to accomplish that end. The only evidence of the agent's apparent authority consisted of his declarations made at the time the policy was issued, and the fact that the company had placed in his hands copies of the "Little Giant Travel Accident Policy" and had authorized him to sign and deliver the policies. The declarations of the agent were not sufficient to establish his authority nor the scope of his authority. 2 Tex. Jur. p. 523; Noel v. Denman, 76 Tex. 306, 13 S. W. 318; Park v. Sullivan (Tex. Civ. App.) 12 S.W.(2d) 265, 268. They were admissible merely as corroborative evidence in the event there was other evidence showing prima facie his authority. Ferguson v. Lewis (Tex. Civ. App.) 290 S. W. 858, par. 4. Apparent au-

thority is based on estoppel, and can arise from but two sources: First, the principal may knowingly permit the agent to so hold himself out as having such authority, and in this way the principal becomes estopped to claim that the agent does not have such authority. There is no evidence in the record that the company ever knew that the agent held himself out as having the authority to make an oral agreement such as here in sued on. Therefore the apparent authority does not arise from this source. Second, the principal may so clothe the agent with the indicia of authority as to lead a reasonably prudent person to believe that he actually has such authority. What acts were done by the company in this case that would lead a prudent person to believe that the agent's authority was any greater than it actually was? The company had placed in the hands of the agent copies of the "Little Giant Travel Accident Policy," and had thereby clothed him with the apparent authority to sell, sign, and deliver such policies. This, however, was identical with the actual authority conferred on him. The apparent authority did not exceed the actual authority. The mere fact that the company had conferred on the agent the actual authority to execute and deliver the written policy referred to would not create the apparent authority to make an entirely different oral contract. Jones v. Great Southern Life Ins. Co. (Tex. Civ. App.) 289 S. W. 450, 451; Republic Ins. Co. v. Moss (Tex. Civ. App.) 235 S. W. 700, 703; Smith v. State Ins. Co., 58 Iowa, 487, 12 N. W. 542; Continental Ins. Co. v. Schulman, 140 Tenn. 481, 205 S. W. 315; Mulrooney v. Royal Ins. Co. (C. C.) 157 F. 598. If the insured was to rely on the fact that the agent was found in possession of blank policies as evidence showing his apparent authority, he would be charged with the nature and extent of the very evidence on which he relied as showing a limitation on such authority. 2 Tex. Jur. 459; Texas State Mutual Fire Ins. Co. v. Richbourg (Tex. Com. App.) 257 S. W. 1089, at page 1091; Aetna Ins. Co. v. Holcomb, 89 Tex. 404, 34 S. W. 915; 32 C. J. 1065; Great Eastern Casualty Co. v. Thomas (Tex. Civ. App.) 178 S. W. 603, at page 606; Fitzmaurice v. Mutual Life Ins. Co., 84 Tex. 61, 19 S. W. 301; Columbian National Fire Ins. Co. v. Dixie Co-op. Mail Order House (Tex. Civ. App.) 261 S. W. 174, at page 178, affirmed (Com. App.) 276 S. W. 219; Knodel v. Equitable Life Ins. Co. (Tex. Civ. App.) 193 S. W. 1138; Southern Surety Co. v. Benton (Tex. Com. App.) 280 S. W. 551, 553. The policy as delivered contained the usual clause relating to agent's authority as follows: "No agent has authority to change this policy or to waive any of its provisions. No change in this policy shall be valid unless approved by an executive officer of the Company and such approval be endorsed hereon." The insured could not be heard to say that he found the agent in possession of such policies and relied on the same as evidence of his authority, but that he refused to read such policies and ascertain the extent of such authority.

The appellant contends that, since Kendrick was licensed by the insurance commissioner of the state as an agent of the appellant, such license was sufficient to show his authority to bind the company in making the contract in question. Under the law, all agents of an insurance company are required to procure a license from the insurance commissioner regardless of the extent of their authority. The license issued by the insurance commissioner does not undertake to define the limitation of such agent's authority, and can neither be used to enlarge nor limit the authority actually conferred on the agent by the company.

Since there was no evidence showing that the agent had the actual or apparent authority to make the contract, and since the case appears to have been fully developed, the judgment of the trial court is reversed, and judgment is here rendered in favor of the appellant.