## FIREMAN'S FUND INS. CO. OF SAN FRANCISCO, CAL., v. JOSEPH.

### No. 4552.

Court of Civil Appeals of Texas. Amarillo. Feb. 24, 1936.

Rehearing Denied March 30, 1936.

Bryan & Bryan, of Houston, for plaintiff in error.

E. M. Grimes, of Taylor, for defendant in error.

MARTIN, Justice.

The parties will carry here their trial court designation.

Plaintiff sued and recovered judgment against defendant upon an alleged oral contract of insurance, the nature of which sufficiently appears in the two following special issues, both answered favorably to plaintiff:

"Question No. 1. Do you find from a preponderance of the testimony that on or about the 30th day of November, 1929, the witness, E. A. Jones, acting as the agent of the defendant did enter into a parol contract with the plaintiff as follows:

"To insure plaintiff and keep him insured as long as he owned and occupied as a dwelling his one-story shingle roof frame building situated on plaintiff's farm about six miles east of Liberty Hill, Texas, against all loss or damage by fire to said dwelling to the amount of $1,500.00 with the understanding and agreement that plaintiff would pay premiums for such insurance. when bill for same was presented to him and with the further understanding that either plaintiff or defendant had the right to discontinue such insurance provided the party desiring to discontinue same would give notice to the other party before such insurance would be discontinued?

"Answer this question 'Yes' or 'No.'

"Question No. 2. Do you find from a preponderance of the testimony that the witness, Jones, had at the time the above contract was made 'apparent authority' (as the term apparent authority is hereafter defined to you) from the defendant Insurance Company to make such contract with the plaintiff?"

Briefly, the material testimony in substance is: Jones was local agent for defendant at Liberty Hill, with actual authority to countersign and deliver standard form fire insurance policies upon property risks inspected and approved by him. These were apparently written for terms of one, three, and five years. In this case Jones wrote and kept for plaintiff a fire insurance policy for three years and collected the premium therefor. It had long since expired on the date of the fire which destroyed the property it covered, and no other had been written or paid for. Plaintiff seeks to hold defendant upon the oral contract already set out, and his testimony respecting this is:

"Mr. E. A. Jones of Liberty Hill came out to my place and wanted to know if I wanted to take out some insurance on my

house and I told him I had been thinking about it, but I had been busy and couldn't get around, and he said 'That is what I came out here for, for you to take out some insurance,' and I told him I didn't know anything about insurance, and he told me that he had several kinds—several companies, but the Fireman's Fund Insurance Company was the best he had and he would put me in that, and that I could pay the insurance for two years and he would give me one year; pay the premium for two years and get three years' insurance. I told Mr. Jones I would take it, and he told me all about the insurance. I told him that was all the building I had and I wanted it insured, and he said he would insure it as long as I owned it as a dwelling, and I went to town the next day and paid him off.

"Q. Was there anything said about insuring it for as long as you lived in it or owned it? A. Yes, sir; I said I was willing to pay him the premium as long as I owned it.

"Q. Was anything said about either one of you having the right to notify the other? A. Yes, sir; he said if I didn't pay the premium he would notify me that the policy would stop.

"Q. Was there anything said about if you wanted to cancel it you would notify him? A. Yes, sir."

We pass without discussion the contention of defendant that the contract proven is too indefinite, etc., to show that the minds of the parties ever met and the further contention that same was within the statute of frauds (Vernon's Ann.Civ.St. art. 3995). Nor will we pause to notice any variance between the contract pleaded and proven.

It is not pretended that actual authority existed in Jones to make the oral contract pleaded and proven. The judgment here rests alone upon the jury finding of apparent authority.

"Apparent authority is based on estoppel, and can arise from but two sources: First, the principal may knowingly permit the agent to so hold himself out as having such authority, and in this way the principal becomes estopped to claim that the agent does not have such authority. There is no evidence in the record that the company ever knew that the agent held himself out as having the authority to make an oral agreement such as herein sued on. Therefore the apparent authority does not arise from this source. Second, the principal may so

clothe the agent with the indicia of authority as to lead a reasonably prudent person to believe that he actually has such authority." Great American Casualty Co. y. Eichelberger (Tex.Civ.App.) 37 S.W.(2d) 1050, 1052, 1053 (writ ref.).

There is a written power of attorney to Jones in the record. This in our opinion negatives by implication the right to make the oral contract quoted above. Usage and custom is evidently relied on by plaintiff.

"If a usage is shown to have been general, the principal is chargeable with a knowledge of it, but if it is not shown to have been notorious and general, proof must be made that it was known to him at the time of the transaction." 2 Tex.Jur. pp. 516, 517.

There is no proof that defendant ever heard of the oral contract in question prior to this suit. The only evidence of any general custom is the following, given by another agent:

"Q. Mr. Landrum had you been doing an insurance business in the town of Liberty Hill prior to September and October, 1929? A. I think it was about 1927 that I began writing fire insurance.

"Q. About two years then? A. Yes, sir.

"Q. Were you at that time familiar with the usual and ordinary practices of recording local fire insurance. agents generally? A. At what time?

"Q. In the fall of 1929. A. Yes, in a measure.

"Q. Please state whether or not it was at that time usual and customary for Recording Local Agents to agree with owners of ·property to keep them insured against loss by fire for a certain amount with the understanding that the owners would pay the premiums for it when called upon to pay? A. Yes, sir."

Did this custom include oral contracts of the character in controversy? The witness does not say so, nor does any other. Local agents may have, to secure business, agreed personally to keep property insured. Could a personal covenant of the agent be binding upon his principal, merely because of custom? Undoubtedly such agents might bind their principals in writing, for apparently they were clothed with the authority to deliver written standard form policies. But this is not the contract relied on. The one here is in substance an oral

contract of insurance, purporting to bind defendant for as long as the owner owned and occupied the property. This whole controversy turns on whether or not defendant had held out its agent to the public, or to plaintiff, as having the authority to orally bind it by the contract quoted above.

The evidence on this point is in our opinion insufficient to support the jury's finding of "apparent authority" of Jones to bind defendant by a parol contract of the unusual character shown above.

We find no precisely parallel fact case. Plaintiff relies on Austin Fire Ins. Co. v. Adams-Childers Co. (Tex.Com.App.) 246 S. W. 365, 368. The following quotation from this case distinguishes it from the present one: "Now, if Stockard agreed to look after these renewals and either issue such policies or advise insured beforehand of his inability so to do, and if he reported this contract to the home office of plaintiff in error, and for several years thereafter the company acquiesced in said contract by its agent, we think it is clearly bound thereby."

Judgment reversed and cause remanded.