UNITED FIREWORKS MANUFACTURING COMPANY, INC., peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. HÉCTOR RUIZ SOMOHANO, JUEZ, demandado; ARTURO DEL RIVERO, ET AL., interventor.

*Número:* O-67-18      *Resuelto:* 27 de junio de 1968

*McConnell, Valdés & Kelley* y *V. Rodón Elizarde,* abogados de la peticionaria; *Martín Almodóvar Acevedo* y *Felipe Benicio Sánchez,* abogados del interventor *Arturo del Rivero; Martínez Muñoz, Agrait Oliveras & Otero,* abogados de la interventora Gelpí Brothers, Inc.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Santana Becerra, Blanco Lugo y Ramírez Bages.

El Juez Asociado Señor Pérez Pimentel emitió la opinión del Tribunal.

La cuestión a resolver en este recurso es si la peticionaria United Fireworks Manufacturing Company, Inc., una corporación extranjera fue debidamente emplazada mediante entrega de copia de la demanda contra tercero y del emplazamiento al Sr. Néstor Piovanetti, como supuesto agente de dicha corporación en Puerto Rico.

En 30 de diciembre de 1963, Arturo del Rivero y su esposa Doña María Borges instaron demanda ante el Tribunal Superior, Sala de San Juan, contra Gelpí Brothers, Inc., haciendo negocios bajo el nombre de Farmacia Gelpí Super Drug, imputándole a dicha demandada negligencia, consistente en que unas luces de bengala compradas por la menor María Milagros del Rivero Borges hija de los esposos demandantes, en el negocio de los demandados eran defectuosas, causándole la muerte a dicha menor.

En 2 de noviembre de 1965 la demandada Gelpí Brothers, Inc., radicó una demanda contra los terceros United Fireworks Manufacturing Company, Inc. y Golden Cross, Inc., aduciéndose en la misma que las luces de bengala que ocasionaron la muerte a la menor hija de los demandados fueron vendidas a la tercera demandante Gelpí Brothers, Inc. por la Golden Cross, Inc., haciendo negocios como Farmacias Unidas y a su vez manufacturado dicho producto por la United Fireworks Manufacturing Company, Inc.

En 21 de febrero de 1966, ésta hizo una comparecencia especial para solicitar que se declarara nulo el emplazamiento alegando que el Sr. Néstor Piovanetti a quien se emplazó como agente de dicha tercera demandada, no era su agente en Puerto Rico ni estaba autorizado para recibir emplazamientos en su nombre.

La indicada moción fue señalada para vista y durante su celebración prestó testimonio el Sr. Piovanetti. No habiendo dicho testigo terminado su testimonio las partes sometieron al tribunal una estipulación de hechos.(¹)

En 17 de junio de 1966 el Tribunal dictó resolución declarando sin lugar la moción sobre nulidad de emplazamiento. Luego de celebrada otra vista, el Tribunal declaró sin lugar la moción de reconsideración presentada por la tercera demandada United Fireworks Manufacturing Company, Inc.

A solicitud de ésta acordamos revisar los procedimientos.

La tercera demandada es una corporación del Estado de Illinois que se dedica a la manufactura de luces de bengala, fulminantes y otros productos relacionados. Dichos produc-

---

(¹) Los hechos estipulados son los siguientes:

"a) Que las manifestaciones del Sr. Piovanetti de que es agente o agente general de la United Fireworks Manufacturing Company, Inc. o apoderado de la misma es una conclusión a que él llega basándose en las cartas ofrecidas en evidencia y en lo declarado por él en la silla de los testigos sobre sus gestiones para United Fireworks.

"b) Que él es la única persona en Puerto Rico que gestiona órdenes para la United Fireworks Manufacturing Company, Inc., según los términos expresados en su testimonio.

"c) Que él es demandado en el pleito personalmente y le ha reclamado a la United Fireworks Manufacturing Company, Inc. que le sufrague los gastos legales que incurra en su defensa.

"d) Que la United Fireworks Manufacturing Company, Inc. factura directamente a los clientes y el Sr. Piovanetti no se hace contractualmente responsable ni tiene autoridad para realizar el cobro de dichas facturas excepto aquellas ocasiones aisladas en que se le ha pedido que realice alguna gestión por la United Fireworks según surge de las cartas marcadas Exhibits 1, 2, 3, 4 y 5.

"4.—Las partes estipulan aceptar en evidencia los Exhibits marcados 1, 2, 3, 4 y 5 ofrecidos por el tercero demandado." (Autos originales, págs. 50, 51.)

tos se manufacturan fuera de Puerto Rico y se venden en el exterior. Esta corporación no tiene oficinas en Puerto Rico, ni empleados o propiedades. Tampoco tiene un teléfono a su nombre en la guía telefónica.

El señor Néstor Piovanetti y su hermano, quienes hacen negocio bajo el nombre de Dumont Sales Agency, actúan como vendedores a comisión para muchas compañías norteamericanas, entre ellas la tercera demandada United Fireworks Manufacturing Company, Inc. Los hermanos Piovanetti recibían los catálogos de productos o muestras manufacturados por United Fireworks Manufacturing Company, Inc., y la lista de precio de dichos productos. Con esta información la Dumont Sales Agency (hermanos Piovanetti) procedía a tomar órdenes a nombre de sus clientes y las sometía a United Fireworks Manufacturing Company, Inc. Estas órdenes estaban sujetas a la aceptación o rechazo por la compañía manufacturera. La aceptación se notificaba directamente al comprador mediante acuse de recibo, del cual se remitía copia a Dumont Sales Agency. La compañía manufacturera enviaba los productos directamente al comprador, facturándole a éste y enviándole copia de dicha factura a Dumont Sales Agency. El cliente pagaba directamente a United Fireworks Manufacturing Company, Inc., el importe de la factura. Dumont Sales Agency recibía una comisión por las órdenes de venta que aprobaba la compañía manufacturera y carecía de autoridad y discreción para confirmar las ventas o alterar los precios sometidos por la United Fireworks Manufacturing Company, Inc. Tampoco intervenía en la entrega de los productos o el cobro de las cuentas, excepto en algunas ocasiones en que la compañía manufacturera solicitaba su cooperación en obtener el pago de alguna cuenta atrasada. Dumont Sales Agency tampoco tenía autorización para realizar gestión de negocio, excepto en la

forma antes expuesta,(²) ni para emplear personas, hacer préstamos o recibir emplazamientos a nombre de United Fireworks Manufacturing Company, Inc.

Se presentó en evidencia una carta fechada 30 de marzo de 1965 dirigida por la United Fireworks Manufacturing Company, Inc., al señor Pedro Santos Morales de Santurce, en la cual se hacía referencia a Dumont Sales Agency como agente de dicha corporación en el área de Puerto Rico. (³)

La Regla 4.4 (e) de Procedimiento Civil dispone que el diligenciamiento del emplazamiento y la demanda se hará de la manera siguiente:

"(e) A una corporación, compañía, sociedad, asociación o cualquiera otra persona jurídica, entregando copia del emplazamiento y de la demanda a un funcionario, gerente administrativo o agente general, o a cualquier otro agente autorizado por nombramiento o designado por ley para recibir emplazamientos."

De entrada tenemos que descartar que el Sr. Piovanetti fuera un funcionario de la United Fireworks Manufacturing Company, Inc., o un agente autorizado por nombramiento o designado por ley para recibir emplazamientos en nombre de dicha corporación. (⁴) Corresponde por tanto, determinar

---

(²) Cuando algún cliente remitía la orden de compra directamente a la compañía manufacturera, ésta la enviaba a Dumont Sales Agency "para que nosotros escribiéramos el libramiento de la orden y otra vez la mandáramos allá", declaró en el juicio el Sr. Néstor Piovanetti.

(³) El texto de dicha carta es como sigue:
"We would suggest that you [sic] it would be to your advantage to contact Mr. Nester Piovanetti, Dumont Sales Agency, P.O. Box 9483, Santurce, Puerto Rico. This firm acts as our agent in the Puerto Rican area and should be able to direct you to someone who handles fireworks in that area who can take care of your requirements. Obviously, shipments of small quantities of fireworks from the United States would result in exorbitant freight cost for you. We have, therefore, taken the liberty of forwarding your letter to the firm named above and trust that you will be in touch with each other concerning your requirements."

(⁴) De conformidad con la Regla 4.7 según fue enmendada por ley de 1965, puede recurrirse al emplazamiento sustituto en los casos previstos en dicha regla. La Ley de Corporaciones, de enero 1956, en su Art. 1404 (14 L.P.R.A. sec. 2404) autoriza la notificación del emplaza-

si de acuerdo con los hechos antes expuestos Piovanetti era gerente administrativo o agente general de la tercera demandada.

En *Schwartz* v. *Tribunal de Distrito*, 73 D.P.R. 856 (1952), discutimos y establecimos la diferencia entre un gerente administrativo y un agente general. Dijimos a la página 872: "Un agente general es distinto a un agente administrativo ('managing agent') y, en cuanto a este último, los requisitos son más estrictos, pero un diligenciamiento válido puede efectuarse sobre cualquiera de esas dos clases de agente. *Jacobowitz* v. *Thomson*, supra, opinión del Juez Clark. En *Swarts* v. *Christie Grain & Stock Co.*, 166 Fed. 338, 342, también se establece la diferencia entre un agente administrativo y uno general ya que el primero controla, dirige o supervisa un negocio corporativo y el segundo tiene un *status* más generalmente representativo. Un agente general es aquel que está autorizado a conducir una serie de transacciones que envuelvan una continuidad de servicios. *Restatement of the Law of Agency*, sec. 3(1). La facultad de ejercitar un criterio independiente es un factor a ser considerado, pero no es esencial si existe la continuidad en los servicios. Véanse *Todd Shipyards Corporation* v. *The City of Athens*, 83 F.Supp. 67, 88 y *Hackney* v. *Fairbanks, Morse & Co.*, 143 S.W.2d 457. El agente general es aquel que disfruta de poderes amplios y generales, *Carver* v. *Preferred Accident Ins. Co.*, 256 N.W. 274, o que tenga autoridad para efectuar todos los negocios de su patrono de una clase particular o en un sitio particular, y que esté autorizado a actuar en representación de su patrono en todas aquellas cuestiones que estén incluidas dentro del curso o carácter ordinario del negocio de su patrono. *Warren Webster & Co.* v. *Zac Smith Stationery Co.*, 130 So. 545; *Federal Surety*

---

miento al Secretario de Estado o al funcionario designado por él a tales efectos, cuando la corporación no tuviere agente designado conforme a las disposiciones de la propia Ley de Corporaciones en su Art. 1401.

*Co.* v. *White,* 295 Pac. 281; *Great American Casualty Co.* v. *Eichelberger,* 37 S.W.2d 1050; *Bank of Ferguson* v. *Blick,* 115 S.W.2d 27; *Evans* v. *Johnson,* 20 N.E.2d 841, 847 y *Words and Phrases,* Vol. 18, pág. 117, edición permanente. No es necesario que la autoridad del agente se extienda sobre la totalidad del negocio del patrono (*Hackey* v. *Fairbanks, Morse & Co.,* supra), ni es necesario que sea un funcionario de la corporación. *Vardeman* v. *Penn Mut. Life Ins. Co.,* 54 S.E. 66."

▮ A la luz de estas doctrinas legales, Dumont Sales Agency no era un gerente administrativo o un agente general de la United Fireworks Manufacturing Company, Inc., pues como hemos visto, la función que realizaba Dumont se reducía a llenar órdenes de compra a nombre de otra persona y remitirla a la compañía manufacturera quien la aceptaba o no, y a prestarle su cooperación en el cobro de alguna que otra cuenta atrasada o a alguna otra diligencia de menor importancia.

▮ La carta en que la tercera demandada menciona a Dumont Sales Agency como su agente, no es decisiva en la determinación de si Dumont era un agente de dicha tercera demandada con autoridad suficiente para recibir emplazamientos en su nombre. Lo verdaderamente decisivo es la naturaleza de las relaciones entre las partes. El nombre con que las partes designen esas relaciones tampoco es decisivo y si el acto realizado por una persona en beneficio de otra participa en su esencia de la naturaleza de una agencia, la primera es un agente de la segunda aunque no se le haya dado tal designación. En sentido contrario, el mero uso por las partes de la palabra "agente" en su contrato, no convierte a uno en agente, si de hecho no lo es. 3 Am. Jur.2d, pág. 431. Véase *Board of Trade* v. *Hammond Elevator Co.,* 198 U.S. 424, 49 L.Ed. 1111; *Green* v. *Jones-Murphy Properties, Inc.,* 335 S.W.2d 822; *Trotter* v. *Grand Lodge, I.L.H.,*

109 N.W. 1099; *McCarty* v. *King County Medical Serv. Corp.*, 175 P.2d 653. Si una persona es o no agente de otra no depende de lo que diga un documento, sino de los actos que realmente ejecuta. *National Mut. Bldg. & L. Asso.* v. *Brahan*, 31 So. 840, affd. 193 U.S. 635, 48 L.Ed. 823; cf. *Clarke* v. *Havard*, 36 S.E. 837; *Bell* v. *Riggs*, 127 Pac. 427; *Atlantic Coast Realty Co.* v. *Townsend*, 98 S.E. 684.

■ El uso pues por las partes de la palabra "agente" u otras similares necesariamente no establecen las relaciones de agencia en su sentido legal. *McCarty* v. *King County Medical Service Corp.*, 175 P.2d 653. La determinación de si una persona es un gerente administrativo o un agente general depende, mediante un análisis de los hechos, de la autoridad que esa persona tenga dentro de la organización. 2 Moore's *Federal Practice*, pág. 1129; 1 Barron & Holtzoff, *Federal Practice & Procedure*, § 179, pág. 703. En esta última obra se indica que generalmente un vendedor no es un agente con autoridad para recibir emplazamientos válidos aunque un vendedor que tiene otra autoridad en adición a la de obtención de órdenes de compra, se puede considerar como autorizado para recibir emplazamientos.

Dumont Sales Agency no tenía autoridad adicional suficiente para convertirla en un agente de la United Fireworks Manufacturing Co., Inc., pues como hemos indicado ya, fuera de obtener las órdenes de venta, las pocas gestiones adicionales realizadas por Dumont Sales Agency eran de importancia mínima y las realizaba sólo cuando se recababa su cooperación.

Por las razones expuestas resolvemos que el emplazamiento de la tercera-demandada United Fireworks Manufacturing Company, Inc., diligenciado en la persona del Sr. Piovanetti es nulo.

*La resolución del tribunal de instancia declarando válido dicho emplazamiento será revocada.*