ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| SALIL ASHOK ZAVERI<br><br>Apelante<br><br>v.<br><br>WYNDHAM CARIB, LLC D/B/A WYNDHAM GRAND RIO MAR BEACH RESORT SPA & CASINO; TROON GOLF, CORP. TROON PUERTO RICO, LLP; CORPORACIÓN X, CORPORACIÓN Y; CORPORACIÓN Z; FULANO DE TAL FULANA DE TAL; ASEGURADORA A.<br><br>Apelada | KLAN202500259 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: FA2024CV00590<br><br>Sala: 302<br><br>Sobre: INCUMPLIMIENTO DE CONTRATO; DAÑOS Y PERJUICIOS |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de mayo de 2025.

Comparece ante *nos,* Salil Ashok Zaveri (apelante) y nos solicita que revisemos y revoquemos una *Sentencia Parcial* emitida el 13 de febrero de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Fajardo. Mediante dicho dictamen, el TPI desestimó con perjuicio la *Demanda* fundamentado en la insuficiencia en el diligenciamiento del emplazamiento a las entidades corporativas demandadas.

Por los fundamentos que expondremos a continuación, revocamos en parte la *Sentencia Parcial* apelada.

**I.**

El 21 de mayo de 2024, el apelante presentó una *Demanda* en contra de Wyndham Carib, LLC., Troon Golf Corp. y Troon Puerto Rico, LLP. (apeladas), sobre incumplimiento de contrato y daños y perjuicios. En ajustada síntesis, alegó que el 8 de marzo de 2021,

Número Identificador

SEN2025_____

era miembro del club de golf administrado por las entidades apeladas y que mientras disfrutaba de las facilidades, fue perseguido y atacado por una perra realenga en dos (2) ocasiones. Sostuvo que este hecho le produjo un temor de sufrir grave daño corporal y que ante dicho peligro inminente se vio obligado a defenderse, utilizando un arma de fuego para la cual tenía licencia. Señaló, además, que las entidades apeladas fomentaron la creación de una condición de peligrosidad al omitir tomar las medidas de seguridad necesarias para prevenir la presencia de perros realengos en el área del campo de golf.

Así, 24 de junio de 2024, el foro primario expidió los emplazamientos para Troon Golf Corp. y Troon Puerto Rico, LLP. El 13 de septiembre de 2024, la parte apelante presentó una *Moción Sometiendo Emplazamiento* mediante la cual adujo que había diligenciado los emplazamientos de las entidades. Posteriormente, el 15 de octubre de 2024, las corporaciones apeladas presentaron una *Moción Asumiendo Representación Legal y Solicitando Prorroga […]*.

El 7 de noviembre de 2024, Wyndham Carib, LLC., presentó una *Moción de Desestimación*. Mediante esta, esgrimió que procede la desestimación de la causa de acción toda vez que los daños que alega el apelante fueron causados por su propia conducta. Añadió que, los daños reclamados no están bien alegados y/o no son daños indemnizables, en vista de la trayectoria procesal del caso.

Así las cosas, el 2 de diciembre de 2024, las entidades apeladas también presentaron una *Moción de Desestimación*. Arguyeron que la parte apelante emplazó a las tres (3) corporaciones por conducto de la misma persona, el señor Gilberto Barrionuevo, a quien se identifica como director del club de golf. Así pues, manifestaron que el señor Gilberto Barrionuevo no es empleado de Troon Golf Corp., ni de Troon Puerto Rico, LLP. Así, alegaron que el apelante optó por intentar emplazar a las corporaciones foráneas

por conducto de una persona que no está relacionada a su empresa, en contravención a las disposiciones estatutarias que rigen la jurisdicción del tribunal sobre esta. Agregó que, procede la desestimación de la *Demanda,* debido a el caso carece de una reclamación que justifique la concesión de un remedio; esto, por haberse probado más allá de duda razonable que el apelante provocó los daños que dan génesis al pleito de epígrafe.

Consecuentemente, el 17 de enero de 2025, el apelante presentó una *Moción en Oposición a Desestimación.* En la misma, acentuó que no fue posible emplazar al agente residente de las corporaciones apeladas en la dirección registrada en el Departamento de Estado, pues, cuando el emplazador acudió a dicha oficina la encontró cerrada y desocupada. Asimismo, señaló que el personal de seguridad del edificio confirmó que en esa dirección no se encontraba la oficina del agente residente y que desconocía su paradero. Indicó, además, que el emplazador diligenció los emplazamientos en el campo de golf, donde Gilberto Barrionuevo se identificó como director y la persona autorizada a recibir los emplazamientos de las entidades. Finalmente, sostuvo que la Ley General de Corporaciones de Puerto Rico contempla que, ante la falta de un agente residente disponible, cualquier directo o agente de la corporación puede recibir el emplazamiento.

El 20 de enero de 2025, la parte apelada presentó una *Réplica a Oposición a Moción de Desestimación.* Subsiguientemente, el 13 de febrero de 2025, emitió una *Sentencia Parcial* mediante la cual desestimó la causa de acción que se presentó en contra de las apeladas bajo el fundamento de insuficiencia en el diligenciamiento de los emplazamientos. El 27 de febrero de 2025, la parte apelante presentó una *Moción Solicitando Reconsideración.* Acto seguido, el 28 de febrero de 2025, el TPI emitió una *Orden* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración.

Inconforme aun, el 28 de marzo de 2025, la parte apelante compareció ante *nos* mediante un recurso de apelación y alegó la comisión de los siguientes errores:

1. **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA DEMANDA BAJO EL FUNDAMENTO DE INSUFICIENCIA EN EL DILIGENCIAMIENTO DE LOS EMPLAZAMIENTOS.**

2. **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL ABUSAR DE SU DISCRECIÓN AL CONCLUIR, SIN PRUEBA ALGUNA EN EL EXPEDIENTE, QUE LA PERSONA QUE RECIBIÓ LOS EMPLAZAMIENTOS A NOMBRE DE LOS APELADOS NO ERA SU EMPLEADO O DIRECTOR.**

3. **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO ORDENAR LA CELEBRACIÓN DE UNA VISTA EVIDENCIARIA, AUN CUANDO EXISTÍA UNA CONTROVERSIA FÁCTICA SUSTANCIAL, EN CONTRAVENCIÓN DE LO RESUELTO EN LUCERO V. SAN JUAN STAR, 159 DPR 494 (2003).**

4. **EN LA ALTERNATIVA, Y SIN RENUNCIAR A LOS PRIMEROS TRES SEÑALAMIENTOS, ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL OMITIR DETERMINAR QUE LOS APELADOS, AL ENTRAR EN LOS MÉRITOS DE LA CONTROVERSIA, SE SOMETIERON VOLUNTARIAMENTE A LA JURISDICCIÓN DEL TRIBUNAL.**

**II.**

**A. El emplazamiento**

El emplazamiento es un mecanismo procesal que tiene el propósito de notificar al demandado sobre la existencia de una reclamación incoada en su contra y, a su vez, es a través de este mecanismo que el tribunal adquiere jurisdicción sobre la persona del demandado. *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379 (2021). Así, el emplazamiento representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial. *Íd.* De esta forma, la parte demandada tiene la oportunidad de ejercer su derecho a comparecer y a presentar prueba a su favor. *Cirino González v. Adm. Corrección et al.*, 190 DPR 14 (2014). Por esto, a los demandados les asiste el derecho de ser emplazados conforme a derecho. *Pérez Quiles v. Santiago Cintrón, supra.*

Conforme a lo anterior, no es hasta que se diligencia el emplazamiento y se adquiere jurisdicción que la persona puede ser considerada propiamente parte; aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento solo es parte nominal. *Torres Zayas v. Montano Gómez*, 199 DPR 458 (2017).

En nuestro ordenamiento jurídico, la figura del emplazamiento está regulada por la Regla 4 de Procedimiento Civil (32 LPRA Ap. V). En particular, dicho precepto legal establece que una parte que interese demandar a otra deberá presentar el formulario de emplazamiento conjuntamente con la demanda para que el Secretario o Secretaria del Tribunal lo expida inmediatamente. Regla 4.1 de Procedimiento Civil (32 LPRA Ap. V). Una vez expedido el emplazamiento, la parte que lo solicita cuenta con 120 días para poder diligenciarlo. Lo anterior, a partir del momento en que se presenta la demanda o de la fecha de expedición del emplazamiento por edicto. Regla 4.3 (c) de Procedimiento Civil (32 LPRA Ap. V). En caso de que transcurra el referido término de 120 días y este no se diligencie, el tribunal deberá dictar una sentencia en la que decrete su desestimación y archive sin perjuicio del caso ante su consideración. *Íd.*

Al respecto, nuestro máximo Foro ha expresado que los requisitos que dispone la regla de emplazamiento son de estricto cumplimiento. *Torres Zayas v. Montano Gómez, supra,* pág. 468. Véase, además, *Quiñones Román v. Cía. ABC*, 152 DPR 367 (2000). Ello, pues, "[e]l emplazamiento es un trámite medular para el cumplimiento con el debido procedimiento de ley de un demandado y afecta directamente la jurisdicción del tribunal. *Rivera v. Jaume*, 157 DPR 562 (2002).

En ese sentido, la falta de un correcto emplazamiento a la parte contra la cual un tribunal dicta sentencia produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado. *Torres Zayas v. Montano Gómez, supra,* pág. 468-469 citando a *Lanzó Llanos v. Banco de la Vivienda*, 133 DPR 507 (1993). Dicho de

otro modo, toda sentencia dictada contra un demandado que no ha sido emplazado o notificado conforme a derecho es inválida y no puede ser ejecutada. *Torres Zayas v. Montano Gómez, supra.*

### i.   Emplazamiento a personas jurídicas

La Regla 4.4 (e) de las Reglas de Procedimiento Civil (32 LPRA Ap. V) dispone que para emplazar a una corporación es suficiente que se diligencie el mismo en la persona de un oficial o director de la corporación. Consecuentemente, la aludida Regla establece que emplazamiento a una persona jurídica se realizará de la siguiente forma: entregando copia del emplazamiento y de la demanda a un o una oficial, gerente administrativo, agente general o a cualquier otro u otra agente autorizado o autorizada por nombramiento o designado por ley para recibir emplazamientos.

Sin embargo, cuando la parte demandada es una corporación, el emplazamiento no puede realizarse a cualquier persona, sino que el recipiente del mismo debe poseer cierto grado de capacidad para representar a dicha entidad. *Lucero v. San Juan Star,* 159 DPR 494 (2003). Así pues, para determinar si un individuo tiene la capacidad legal para recibir emplazamientos a nombre de una persona jurídica debe observarse las funciones de su cargo y no necesariamente su título. J. A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, 1era Ed. rev., (2012), pág. 65. No obstante, es nulo un emplazamiento contra una corporación extranjera que es diligenciado a un vendedor de dicha corporación que no es ni un agente administrativo, ni agente general, ni funcionario de dicha corporación, ni aun agente autorizado por nombramiento o designado por ley para recibir emplazamientos en nombre de esa persona jurídica. *Íd.*, citando a *United F. M. Co., v. Tribunal Superior,* 96 DPR 362 (1968).

Cónsono con lo anterior, el Artículo 12.01 de la Ley Núm. 164 de 16 de diciembre de 2009, según enmendada, conocida como la Ley General de Corporaciones de Puerto Rico, establece que:

A. Se emplazará a cualquier corporación organizada en el Estado Libre Asociado entregando personalmente una copia del emplazamiento a cualquier oficial o director de la corporación en el Estado Libre Asociado, o al agente inscrito de la corporación en el Estado Libre Asociado, o dejándola en el domicilio o residencia habitual de cualquier oficial, director o agente inscrito (si el agente inscrito es un individuo) en el Estado Libre Asociado, o en la oficina designada u otra sede de negocios de la corporación en el Estado Libre Asociado. Si el agente inscrito fuere una corporación, se podrá efectuar el emplazamiento a través de dicha corporación en calidad de agente, mediante la entrega en el Estado Libre Asociado de una copia del emplazamiento al presidente, vicepresidente, secretario, subsecretario o cualquier director del agente residente corporativo. El emplazamiento diligenciado mediante la entrega de una copia en el domicilio o residencia habitual de cualquier oficial, director o agente inscrito, o en la oficina designada u otra sede de negocios de la corporación en el Estado Libre Asociado, para ser eficaz, deberá dejarse en presencia de un adulto por lo menos seis (6) días previos a la fecha del señalamiento del procedimiento judicial y el emplazador, informará claramente, la forma de diligenciamiento en la notificación de la misma. Si la comparecencia ha de ser inmediata, el emplazamiento deberá entregarse en persona al oficial, director o agente residente.

B. Cuando mediante la debida diligencia no pudiere emplazarse una corporación entregando el emplazamiento a cualquier persona autorizada para recibirlo, según lo dispuesto en el inciso (A) de este Artículo, tal emplazamiento, se diligenciará según lo dispuesto en las Reglas de Procedimiento Civil del Estado Libre Asociado. (14 LPRA sec. 3781).

Asimismo, el Artículo 13.11 de la Ley General de Corporaciones de Puerto Rico (14 LPRA sec. 3811), con relación al emplazamiento a una corporación foránea establece lo siguiente:

A. El agente residente de una corporación foránea, autorizada a hacer negocios en el Estado Libre Asociado, será el agente de la corporación para fines de cualquier emplazamiento a la corporación foránea o entrega a tal corporación de toda orden, notificación o reclamación requerida o permitida por ley. Ante la falta de un agente residente, todo oficial, director o agente de la corporación que se encuentre en el Estado Libre Asociado será considerado el agente de la corporación para fines de cualquier emplazamiento a la corporación foránea o entrega a tal corporación de toda orden, notificación o reclamación requerida o permitida por ley.

B. Se podrá emplazar una corporación foránea por correo registrado o certificado con acuse de recibo, dirigido al

secretario de la corporación foránea en su oficina designada, según se consigna en su solicitud para un certificado de autorización o en su informe anual más reciente si la corporación foránea:

1. No tiene agente residente o no se puede emplazar al agente residente con diligencia razonable;
2. ha dejado de hacer negocios en el Estado Libre Asociado con arreglo al Artículo 13.12 de esta Ley o;
3. se le ha revocado su certificado de autorización con arreglo al Artículo 13.15 de esta Ley.

C. En caso de que no se pueda emplazar a la corporación foránea con arreglo a lo dispuesto bajo el inciso (A) de este Artículo, se podrá emplazar a la corporación por medio del Secretario de Estado y dicho emplazamiento será considerado, para todos los efectos, como efectuado con arreglo a lo dispuesto bajo el inciso (A) de este Artículo. En el caso de que se entregue un emplazamiento al Secretario de Estado, la obligación de notificar a la corporación con toda diligencia recaerá sobre el Secretario de Estado, cuya notificación se realizará mediante correo certificado, con acuse de recibo, dirigido a la corporación a la dirección postal de su domicilio corporativo, según provista en el último informe anual rendido bajo el Artículo 13.09 de esta Ley, o si no apareciere dicha dirección, a la dirección de su oficina designada en el Estado Libre Asociado en Puerto Rico, acompañada de una copia del emplazamiento u otros documentos que se le haya entregado. Será obligación del demandante, en caso de dicho emplazamiento, someter el emplazamiento y cualquier otro documento en duplicado al Secretario de Estado, notificar al Secretario de Estado que el emplazamiento se está haciendo según indicado en este Artículo, y pagar al Secretario de Estado los derechos establecidos en el Capítulo XVII de esta Ley, cuya cantidad se incluirá como parte del costo de la acción, demanda o proceso, si el demandante prevalece en su acción. El Secretario de Estado registrará, en orden alfabético, en un libro de emplazamientos, los nombres del demandante y del demandado, el epígrafe y el número del caso de la causa correspondiente al emplazamiento, la fecha del diligenciamiento y la fecha y la hora cuando se realizó el emplazamiento. El Secretario de Estado no está obligado a mantener la información contenida en dicho libro de emplazamientos por un período mayor de cinco (5) años a partir de la fecha en que se recibe el emplazamiento.

**III.**

En el caso ante *nos*, la parte apelante planteó que erró el TPI al desestimar la *Demanda* bajo el fundamento de insuficiencia en el diligenciamiento de los emplazamientos. Manifestó, además, que erró el TPI al abusar de su discreción al concluir, sin prueba alguna en el expediente, que la persona que recibió los emplazamientos a nombre de los apelados no era su empleado o director. Asimismo, adujo el apelante que erró el TPI al no ordenar la celebración de una

vista evidenciaría, aun cuando existía una controversia fáctica sustancial, en contravención de lo resuelto en *Lucero v. San Juan Star*, 159 DPR 494 (2003). Finalmente, arguyó que erró el TPI al omitir determinar que los apelados, al entrar en los méritos de la controversia, se sometieron voluntariamente a la jurisdicción del Tribunal.

Según el derecho que antecede, una corporación organizada en el Estado Libre Asociado se emplazará entregando personalmente una copia del emplazamiento a cualquier oficial o director de la corporación en el Estado Libre Asociado, o al agente inscrito de la corporación en el Estado Libre Asociado, o dejándola en el domicilio o residencia habitual de cualquier oficial, director o agente inscrito (si el agente inscrito es un individuo) en el Estado Libre Asociado, o en la oficina designada u otra sede de negocios de la corporación en el Estado Libre Asociado. Artículo 12.01 de la Ley General de Corporaciones de Puerto Rico.

No obstante, cuando la parte demandada es una corporación, el emplazamiento no puede realizarse a cualquier persona, sino que el recipiente del mismo debe poseer cierto grado de capacidad para representar a dicha entidad. *Lucero v. San Juan Star, supra*. Así, para determinar si un individuo tiene la capacidad legal para recibir emplazamientos a nombre de una persona jurídica debe observarse las funciones de su cargo y no necesariamente su título. Echevarría Vargas, *Procedimiento Civil Puertorriqueño, op. cit.*

En el caso de las corporaciones foráneas, el Artículo 13.11 de la Ley General de Corporaciones de Puerto Rico, dispone que se diligenciará a través del agente residente de una corporación foránea, autorizada a hacer negocios en el Estado Libre Asociado. Ante la falta de un agente residente, todo oficial, director o agente de la corporación que se encuentre en el Estado Libre Asociado, será considerado el agente de la corporación para fines del emplazamiento. Asimismo, se podrá emplazar una corporación foránea, por correo registrado o certificado con acuse de recibo,

dirigido al secretario de la corporación foránea en su oficina designada, según se consigna en su certificado de autorización o en su informe anual más reciente.

En el caso de epígrafe, la parte apelante diligenció los emplazamientos de Troon Golf Corp. y Troon Puerto Rico, LLP., en el campo de golf, donde presuntamente Gilberto Barrionuevo se identificó como director y la persona autorizada a recibir los emplazamientos de las entidades. Esto, a pesar de que Troon Golf Corp., es una corporación foránea, que no tiene presencia en Puerto Rico y no está autorizada ni registrada para hacer negocios en Puerto Rico. Sin embargo, la parte apelada alegó en su *Moción de Desestimación* que, Gilberto Barrionuevo no es empleado de Troon Golf Corp., ni de Troon Puerto Rico, LLP. Por lo cual, señalaron que el apelante optó por intentar emplazar a las corporaciones foráneas por conducto de una persona que no está relacionada a su empresa.

Así las cosas, ante la existencia de una controversia de hechos, en cuanto a si Gilberto Barrionuevo, presunto director del campo de golf, es una persona apta para recibir el emplazamiento de Troon Puerto Rico, LLP., el foro primario debió celebrar una vista evidenciaria. Esto, ante la ausencia en el expediente de prueba fehaciente que acredite que en efecto Gilberto Barrionuevo no está relacionado a la corporación y de ser empleado de esta, se debe tomar en cuenta los deberes, las funciones y la autoridad de dicha persona.

Con relación, al emplazamiento de Troon Golf Corp., este es inoficioso, por lo que, procedía la desestimación de la *Demanda* con perjuicio. Troon Golf Corp., es una corporación foránea sin presencia ni autorización para hacer negocios en Puerto Rico y sin un agente residente designado. Por lo tanto, procedía que la parte apelante solicitara el emplazamiento por edicto para esta entidad, conforme dispone nuestro ordenamiento jurídico. Así pues,

transcurrido el término de 120 días para emplazar a dicha entidad procede la desestimación de la causa de acción presentada en su contra.

**IV.**

Por los fundamentos antes expuestos, *revocamos* en parte la *Sentencia Parcial* apelada. En consecuencia, se ordena al foro primario a que celebre una vista evidenciaria con el propósito de auscultar si el señor Gilberto Barrionuevo es una persona apta para recibir el emplazamiento de Troon Puerto Rico, LLP., a tenor con la jurisprudencia interpretativa aplicable. Además, *confirmamos* la *Sentencia Parcial* apelada en cuanto a la desestimación de la *Demanda* a favor de Troon Golf, Corp.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez confirmaría la Sentencia Parcial apelada en su totalidad.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones